Booker T. HOWARD, Shermain Denise Howard, and Stephanie Dawn Howard, through their guardian and next friend, Mary YOUNG; and Anthony F. Howard through his guardian and next friend, Hazel Howard Stuart, Plaintiffs–Appellants,

v.

The CITY AND COUNTY OF DENVER, a municipal corporation; Manuel Martinez, Manager of Safety of the City and County of Denver; Virgil Robinson, ex-officio Sheriff of the City and County of Denver; and Julie Angene f/n/a Julie Ankeny, Defendants–Appellees.

No. 90CA2092.

Colorado Court of Appeals, Div. I.

April 16, 1992.

Rehearing Denied May 28, 1992.

Certiorari Denied Oct. 13, 1992.

Law Offices of Robert M. FitzGerald, Robert M. FitzGerald, Robert W. Hutchinson, P.C., Robert W. Hutchinson, Denver, for plaintiffs-appellants.

Halaby & McCrea, Theodore S. Halaby, Robert M. Liechty, Denver, for defendants-appellees.

Opinion by Judge PIERCE.

Plaintiffs, Booker T., Shermain Denise, Stephanie Dawn, and Anthony F. Howard, are the minor children of the decedent, Carla Howard, who was killed by her husband after his release from the county jail. Plaintiffs appeal the dismissal of their complaint against defendants, the City and County of Denver and its Sheriff's Department and Manager of Safety. We affirm.

The undisputed facts are as follows:

In January 1989, the decedent's husband was charged with assault and destruction of private property for stabbing decedent's sister. After pleading *nolo contendere*, he was given a fine, suspended jail time, and probation. A warrant was issued for his arrest in April 1989 for violating the conditions of his probation.

In July 1989, the husband beat the decedent and was charged with second degree assault. The criminal history checks run by the Sheriff's office prior to his bond hearing on this charge revealed the municipal assault charge but not the arrest warrant. The search also failed to reveal his prior felony convictions from another state.

He was denied a personal recognizance bond at this time, and while he was incarcerated, another warrant was issued for his failure to appear on a municipal false reporting charge.

In August 1989, the husband accepted a plea bargain and pled guilty to misdemeanor third degree assault. He requested and was granted a personal recognizance bond pending a pre-sentence evaluation for probation eligibility and sentencing. When he was arrested the next day on another felony charge, the warrants and past convictions still had not been discovered. Nor, according to the complaint, was it discovered that he had been released on a personal recognizance bond the day before. He was granted another personal recognizance bond at this time.

In September 1989, while free on bond, decedent's husband killed the decedent in the presence of two of her children.

Plaintiffs allege that the negligent failure of defendants to obtain and report the husband's criminal history and their failure to obtain and execute the outstanding warrants for his arrest caused the death of decedent and the resulting damage to plaintiffs. Plaintiffs reason that, had the husband's criminal history been discovered and reported to the court, he would not have

been considered for probation or release pending sentencing, and would not have been released on a personal recognizance bond. Absent these failures, he would not have been able to kill the decedent.

We hold that the acts by defendants in performing a criminal history investigation and in making a bond recommendation or report to a court and their failure to serve warrants are not the operations of a jail. *See* § 24–10–101, et seq., C.R.S. (1988 Repl. Vol. 10A). Consequently, defendants are shielded by governmental immunity, and dismissal of their complaint was proper. *See Jenks v. Sullivan*, 826 P.2d 825 (Colo. 1992).

## I. Immunity

Sovereign immunity is waived in regard to the operation of any jail. Section 24–10–106(1)(b), C.R.S. (1988 Repl.Vol. 10A). "Operation" is defined as an act or omission of a public entity or employee in the exercise and performance of "powers, duties, and functions vested in them by law with regard to the purposes of any … jail.…" Section 24–10–103(3)(a), C.R.S. (1988 Repl.Vol. 10A). Defendants contend, and the trial court held, however, that the services performed in investigating a prisoner's criminal history and making a bond recommendation to the judge do not fall within the duties of keeper of a jail and do not constitute the operation of a jail. The trial court also held that these are court functions. We agree.

■ The interpretation of a statute is a question of law, and a statute purporting to waive sovereign immunity must be strictly construed to restrict its provisions to the clear intent of the General Assembly. *Bloomer v. Board of County Commissioners*, 799 P.2d 942 (Colo.1990).

■ The Sheriff is the keeper of the jail and is responsible for maintaining the jail for the detention, safekeeping, and confinement of persons lawfully committed. Sections 17–26–101 and 17–26–102, C.R.S. (1986 Repl.Vol. 8A). The Sheriff's duties in keeping the jail are to receive and safely detain every person duly committed thereto. The Sheriff specifically "shall not,

without lawful authority, let out of such jail, on bail or otherwise, any such person." Section 17–26–103, C.R.S. (1991 Cum. Supp.).

It is the court, however, that is responsible for setting the amount, type, and any conditions of a bond. Sections 16–4–103(1) and 16–4–103(2), C.R.S. (1991 Cum.Supp.). Relevant criteria to be considered in setting a bond include the nature and extent of family relationships, the prisoner's prior criminal record and appearances as required by other bonds or release conditions, and any facts indicating the possibility of violations of law or harassment of witnesses while released on bond. *See* § 16–4–105(1), C.R.S. (1986 Repl.Vol. 8A).

Furthermore, while a court must have before it reliable information concerning the accused in order to decide the type or amount of bond, it is the responsibility of the court to designate the party to prepare or verify this information and, ultimately, to render an intelligent decision based on the statutory criteria. Section 16–4–105(1)(*o* ), C.R.S. (1986 Repl.Vol. 8A).

Although not applicable at the time of these occurrences, the 1990 and 1991 additions to the bail statute are instructive in illustrating the purpose of a pre-trial services program such as the one in existence here. *See* § 16–4–105, C.R.S. (1991 Cum. Supp.) Examination of these provisions reveals that these functions are undertaken to assist and inform the court responsible for fixing the amount of bail and type of bond. Use of the services provided by such a program is discretionary with a court, § 16–4–105(1)(q), C.R.S. (1991 Cum.Supp.), and it is undertaken to "provide the *court* with the ability to make a more appropriate initial bond decision.…" Section 16–4–105(3)(c), C.R.S. (1991 Cum.Supp.) (emphasis added).

Here, the language of § 24–10–106(1)(b) unambiguously waives immunity for the operation of a jail. The duties of the Sheriff in keeping and operating the jail do not include providing these pre-trial services to a trial court responsible for setting bail. *See* § 16–4–101, et seq., and § 17–26–101,

et seq., C.R.S. (1986 Repl.Vol. 8A). As such, defendants retain immunity for any negligence in their pre-trial investigative services which provide information to the court regarding matters pertinent to setting bail. Similarly, while it is the duty of a sheriff to execute arrest warrants, this function does not fall within the operation of a jail. *See* §§ 24–10–103(3)(a) and 24–10–103(3)(b), C.R.S. (1988 Repl.Vol. 10A).

## II. Negligence

Because defendants are immune from suit, we will not address the existence or scope of any duty on behalf of defendants, or whether their actions caused harm to plaintiffs.

Judgment affirmed.

STERNBERG, C.J., and DAVIDSON, J., concur.