Cheryl BERTRAND, Plaintiff–Appellant,

v.

**BOARD OF COUNTY COMMIS-SIONERS OF PARK COUN-TY, Defendant–Appellee.**

**No. 91CA1865.**

Colorado Court of Appeals, Div. V.

Dec. 17, 1992.

Rehearing Denied Jan. 14, 1993.

Certiorari Granted Aug. 23, 1993.

Waltz, D'Antuono, Correll & Anderson, Richard A. Waltz, Denver, for plaintiff-appellant.

Cosgriff, Dunn & Abplanalp, John W. Dunn, Lawrence P. Hartlaub, Vail, for defendant-appellee.

Opinion by Judge HUME.

In this personal injury action, plaintiff, Cheryl Bertrand, appeals from the judgment which dismissed her negligence claims against defendant, the Board of County Commissioners of Park County (the County). We affirm.

The complaint alleged that, in June 1989, plaintiff was riding a horse adjacent to a highway in Park County. According to the complaint, a road grader negligently operated at an excessive speed by a Park County employee caused the horse to bolt which, in turn, caused plaintiff to fall and sustain severe injuries.

The County filed an answer which asserted sovereign immunity as an affirmative defense. The County also filed a motion for judgment on the pleadings, arguing that it was immune from liability because the road grader was not a "motor vehicle" within the exception to immunity provided in § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A). The trial court granted the County's motion and dismissed the complaint with prejudice.

In challenging that dismissal, plaintiff argues that sovereign immunity was not applicable to her claims because the road grader was a "motor vehicle" as that term is used in § 24–10–106(1)(a). We disagree.

In *Bain v. Town of Avon*, 820 P.2d 1133 (Colo.App.1991), a division of this court held that a backhoe owned or leased by the town was not a "motor vehicle" within the meaning of the statutory waiver of sovereign immunity. Instead, the division concluded that it was "mobile machinery" or "self-propelled construction equipment," as those terms are defined in § 42–1–102(43), C.R.S. (1984 Repl.Vol. 17). Those terms encompass vehicles "which are not designed primarily for the transportation of persons or cargo over the public highways" and include "wheeled vehicles commonly used in the construction, maintenance and repair of roadways." *See* § 42–1–102(43).

The court in *Bain* also held that the intent of the General Assembly in enacting § 24–10–106(1)(a) was to waive the defense of sovereign immunity only for automobile accidents involving a public entity's motor vehicles which are meant to convey persons and cargo. Accordingly, the court concluded that plaintiff's claim arising out of the operation of the backhoe owned or leased by the town was barred by the doctrine of sovereign immunity.

We view the holding in *Bain v. Town of Avon, supra,* as dispositive of plaintiff's contention. Thus, we conclude that the road grader was not a "motor vehicle" within the waiver provisions of § 24–10–106(1)(a), but was "mobile machinery" or "self-propelled equipment" for which no waiver of immunity was intended. Accordingly, the trial court properly dismissed plaintiff's claims against the County.

Judgment affirmed.

JONES and MARQUEZ, JJ., concur.