Annette M. WILLIAMS, Plaintiff–Appellee,

v.

STATE of Colorado DEPARTMENT OF HIGHWAYS, Defendant–Appellant.

No. 92CA1710.

Colorado Court of Appeals, Div. V.

Dec. 16, 1993.

Rehearing Denied Feb. 3, 1994.

Certiorari Granted and Judgment Vacated June 6, 1994.*

Cook & Lee, P.C., Michael J. Grills, Boulder, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., George S. Meyer,

---

* Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994).

Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

In this negligence action to recover damages for personal injuries sustained in an automobile accident, defendant, State of Colorado Department of Highways, appeals from the $5,000 judgment entered on a jury verdict in favor of plaintiff, Annette M. Williams. We reverse.

The complaint alleged that, in February 1990, plaintiff was injured when a westbound "motor vehicle snowplow," owned by defendant and negligently driven by its employee, crossed into the eastbound lane where she was driving and collided with her automobile.

Pursuant to C.R.C.P. 12(b)(1) and (5), defendant filed a motion to dismiss the complaint on the basis of sovereign immunity. In accordance with § 24–10–108, C.R.S. (1988 Repl.Vol. 10A), the trial court suspended discovery pending resolution of the sovereign immunity issue.

In its motion to dismiss, defendant asserted that, although sovereign immunity had been statutorily waived for a public employee's negligent operation of a state-owned "motor vehicle," a snowplow was not a "motor vehicle" within the meaning of § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A). Plaintiff filed a response to the motion supported by an affidavit from the investigating officer stating that the vehicle which struck plaintiff's automobile was a dump truck with an attached snowplow blade. Plaintiff also submitted photographs of the vehicle involved in the collision. Defendant's reply included an affidavit from the operator of the snowplow vehicle.

Because information not contained in the pleadings had been submitted, the trial court treated the motion as one for summary judgment pursuant to C.R.C.P. 12(b) and C.R.C.P. 56. The court denied the motion after determining that a genuine issue of material fact existed as to whether the dump truck/snowplow was a "motor vehicle" within the meaning of the Governmental Immunity Act.

Defendant filed an answer denying negligence and asserting, among other defenses, that plaintiff's claims were barred by the Governmental Immunity Act. The case was tried before a jury, and defendant moved for a directed verdict on the basis of sovereign immunity. The trial court reserved its ruling pending the outcome of the jury's deliberations. Subsequently, the trial court entered judgment for plaintiff on the jury's verdict of $5,000. Defendant's motions for judgment notwithstanding the verdict and to correct the judgment pursuant to C.R.C.P. 60(a) were denied.

Defendant contends that the judgment for plaintiff must be reversed because the Department is immune from liability for injuries arising out of the operation of a snowplow. In the circumstances presented here, we agree.

It is undisputed that on the day of the collision the vehicle in question was hauling sand that was being deposited on highway surfaces. However, it is also undisputed that at the time of the accident the vehicle was being operated as a snowplow in removing snow from the roadway. The driver of the vehicle testified that the accident occurred because the heel of the snowplow blade caught in dirt and forced the vehicle to veer to the left, into plaintiff's automobile.

Because "motor vehicle" is not defined in the Governmental Immunity Act, a division of this court, in *Bain v. Town of Avon,* 820 P.2d 1133 (Colo.App.1991), turned to the definitions contained in the Uniform Motor Vehicle Law at § 42–1–102, C.R.S. (1984 Repl. Vol. 17) in deciding whether a backhoe was a "motor vehicle" for purposes of the Act.

Section 42–1–102(46), C.R.S. (1984 Repl. Vol. 17) provides in pertinent part:

Motor vehicle means any self-propelled vehicle which is *designed primarily for travel on the public highways and which is generally and commonly used to transport persons and property over the public highways....* (emphasis added)

The court in *Bain* compared this definition of "motor vehicle" to the definition provided for "mobile machinery" or "self-propelled

construction equipment" at § 42–1–102(43), C.R.S. (1984 Repl.Vol. 17):

> Mobile machinery or self-propelled construction equipment means those vehicles, self-propelled or otherwise, *which are not designed primarily for the transportation of persons or cargo over the public highways, … and those motor vehicles which may have originally been designed for the transportation of persons or cargo but which have been redesigned or modified by the mounting thereon of special equipment* or machinery, and which may be only incidentally operated or moved over the public highway. *This definition includes but is not limited to wheeled vehicles commonly used in the* construction, *maintenance,* and repair *of roadways,* the drilling of wells, and digging of ditches. (emphasis added)

Relying on these definitions, the court in *Bain* concluded that a backhoe did not fall within the definition of a "motor vehicle" for purposes of waiving sovereign immunity. Its conclusion was buttressed by the fact that, in enacting § 24–10–106(1)(a), the apparent intent of the General Assembly was to waive the defense of sovereign immunity for injuries arising from *automobile* accidents.

Following the same reasoning, another division of this court, in *Bertrand v. Board of County Commissioners,* 857 P.2d 477 (Colo. App.1992), held that a road grader was not a "motor vehicle" within the waiver provision. This was in spite of the fact that the road grader was being operated on a highway at the time of the accident, allegedly at an unreasonably high rate of speed.

Plaintiff does not challenge the use of definitions in § 42–1–102 to construe the meaning of "motor vehicle" in the waiver provision of the Governmental Immunity Act. Rather, plaintiff contends such an analysis leads to the conclusion that the vehicle in question was a "motor vehicle" for which sovereign immunity has been waived. We disagree.

In 1976, five years after the Governmental Immunity Act was passed, the General Assembly added several definitions to the Uniform Motor Vehicle Act. One was a specific definition for "snowplow" at § 42–1–102(71.-5), C.R.S. (1984 Repl.Vol. 17):

> Snowplow means any vehicle *originally designed for highway snow and ice removal or control or subsequently adapted for such purposes* which is operated by or for the state of Colorado or any political subdivision thereof. (emphasis added)

In enacting these definitions, the General Assembly has recognized that a vehicle designed for an original purpose can later be "redesigned," "modified by the mounting thereon of special equipment" or "adapted," resulting in a design for a different purpose. Thus, in determining whether the vehicle in question was "designed primarily for travel on the public highways and generally and commonly used to transport persons and property over the public highways," so as to constitute a "motor vehicle" for which sovereign immunity has been waived, the focus must be on the design and use of the vehicle at the time of the accident.

As provided in § 42–1–102(43), a vehicle commonly used for maintenance of roadways is not at that time "designed primarily for the transportation of persons or cargo." It instead is classified as "mobile machinery" falling outside the definition of "motor vehicle" set forth at § 42–1–102(46).

The intent of the General Assembly to be derived from § 24–10–106(1)(a), when considered in light of the definitions provided in § 42–1–102, is that sovereign immunity is not waived for the negligent operation of vehicles properly adapted and functioning as snowplows in the maintenance of roadways at the time of the accident. And, it is undisputed that the vehicle in question was adapted and being used as a snowplow—and not primarily for the transportation of persons or cargo— at the time of the accident. Its use therefore did not fall within the waiver provision of the Governmental Immunity Act.

Accordingly, the trial court erred in not granting defendant's motion for judgment notwithstanding the verdict.

Because of our resolution of the governmental immunity issue, it is not necessary to address defendant's other contentions.

The judgment is reversed, and the cause is remanded with directions to enter judgment for defendant.

DAVIDSON, J., concurs.

MARQUEZ, J., dissents.

Judge MARQUEZ dissenting.

The majority holds that a dump truck with an attached snowblade, when being used as a snowplow, is not a motor vehicle for purposes of the waiver provision of § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A), the Governmental Immunity Act. I disagree and, therefore, respectfully dissent.

Our supreme court has held that one of the basic purposes of the Governmental Immunity Act is to permit a person to seek redress for personal injuries caused by a public entity. *State v. Moldovan,* 842 P.2d 220 (Colo. 1992). Accordingly, the state's immunity created by the Act (but not the exceptions to immunity) must be strictly construed. *State v. Moldovan, supra; Kittinger v. City of Colorado Springs,* 872 P.2d 1265 (Colo.App. 1993).

As pertinent here, the Governmental Immunity Act provides that sovereign immunity is waived by a public entity in an action for injuries resulting from the operation of a motor vehicle owned by the public entity and operated by its employee in the course of employment. Section 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A). Further, this court has previously held that the General Assembly's intent in enacting § 24–10–106(1)(a) was to waive the defense of sovereign immunity for injuries arising from automobile accidents caused by the negligent operation of government-owned motor vehicles. *See Bain v. Town of Avon,* 820 P.2d 1133 (Colo.App. 1991).

Because the term "motor vehicle" has not been defined in the Act, in *Bain v. Town of Avon, supra,* we applied the following definition from § 42–1–102(46), C.R.S. (1984 Repl. Vol. 17):

> [A]ny self-propelled vehicle which is designed primarily for travel on the public highways and which is generally and commonly used to transport persons and property over the public highways.

Thus, in *Bain,* we concluded that a backhoe with a maximum speed of 15 miles per hour, no cargo area, and no space for transporting passengers was not a "motor vehicle" for purposes of the Act. Similarly, in *Bertrand v. Board of County Commissioners,* 857 P.2d 477 (Colo.App.1992), a division of this court held that a road grader was not a "motor vehicle" within the waiver provision of the Act.

Here, however, it was undisputed that defendant's snowplow vehicle was actually a modified dump truck with bucket seats, used for hauling sand and other materials and capable of traveling at highway speeds of 50 miles per hour. It was also undisputed that the truck's detachable snowblade could be removed in less than ten minutes and that the truck was commonly used to haul cargo upon public highways when it was not in use as a snowplow. Finally, it was undisputed that, at the time of the collision, the snowplow vehicle was hauling sand to be deposited on the highway surface.

Under these circumstances, I would conclude that the particular vehicle which collided with plaintiff's automobile was a "motor vehicle" within the waiver provision of § 24–10–106(1)(a). Accordingly, I would further conclude that defendant's sovereign immunity had been statutorily waived.