RICHLAND DEVELOPMENT COMPANY, L.L.C., a Colorado limited liability corporation, as successor in interest to Spring Creek Meadows Development Company, Inc., a Colorado corporation, Plaintiff–Appellee,

v.

**EAST CHERRY CREEK VALLEY WATER AND SANITATION DISTRICT,** Defendant–Appellant.

No. 95CA0525.

Colorado Court of Appeals, Div. III.

Aug. 8, 1996.

Rehearing Denied Sept. 19, 1996.

Certiorari Denied March 24, 1997.

Downey & Knickrehm, P.C., Kate E. Knickrehm, Melinda M. Kelly, Denver, for Plaintiff–Appellee.

Tallmadge, Wallace, Hahn, Smith & Walsh, P.C., David J. Hahn, Cynthia A. Calkins, Steven Hahn, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

In this suit based on negligent misrepresentation and estoppel, defendant, East Cherry Creek Valley Water and Sanitation District (the District), appeals from the trial court's denial of its motion to dismiss the claims of plaintiff, Richland Development Company (Richland). The District's motion was based on governmental immunity. We reverse and remand.

In January of 1993, counsel for Spring Creek Meadows Development Company, Richland's predecessor in interest, wrote a letter to the District inquiring as to the number of water and sewer taps available for use on the property it was considering purchasing from a bank. The District, through its manager, responded by letter that the bank had purchased from the District 280 water and sewer taps, of which 156 water and 158 sewer taps remained available for use.

Following Spring Creek's purchase of the property, the District discovered that there were actually only 132 water and 136 sewer taps available for use and so advised Spring Creek.

Thereafter, Richland, as successor to Spring Creek, brought this action against the District asserting claims premised on negligent misrepresentation and estoppel. Richland sought damages and also an order requiring the District to provide the number of water and sewer taps originally represented as available. The District filed a motion to dismiss under C.R.C.P. 12(b)(1), asserting that Richland's claims were barred by the Colorado Governmental Immunity Act (GIA), § 24–10–108, C.R.S. (1988 Repl.Vol. 10A). The trial court denied the motion, and this appeal followed.

The District contends that the trial court erred in denying its motion to dismiss based on governmental immunity. We agree.

Section 24–10–108 states, in pertinent part:

> Except as provided in sections 24–10–104 and 24–10–106, sovereign immunity shall be a bar to any action against a public entity for injuries which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant.

Here, Richland alleges in its complaint that it relied upon the District's negli-

gent misrepresentation as to the number of taps available and that the District should be estopped to refuse to provide Richland the represented number of taps.

Both claims for negligent misrepresentation and claims for estoppel of a municipality based on alleged representations lie in tort or could lie in tort. *See Olsen & Brown v. City of Englewood,* 867 P.2d 96 (Colo.App.1993), *aff'd,* 889 P.2d 673 (Colo.1995); and *Lehman v. City of Louisville,* 857 P.2d 455 (Colo.App. 1992). *See also Board of County Commissioners v. DeLozier* 917 P.2d 714 (Colo.1996) (unlike promissory estoppel claims, estoppel claims based on misstatements of fact lie in tort). Thus, Richland's claims here would be barred by the GIA unless one of the statutory exceptions applies.

▌ The immunity created by the GIA is in derogation of the common law and must be strictly construed. *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo. 1994). Also, because the GIA is intended to limit the liability of governmental entities, exceptions to immunity are to be narrowly interpreted to avoid imposing liability not specifically provided for in the statute. *City & County of Denver v. Gallegos,* 916 P.2d 509 (Colo.1996).

Richland relies on the waiver contained in § 24–10–106(1)(f), C.R.S. (1988 Rep. Vol. 10A) which provides that governmental immunity is waived in an action for injuries resulting from: "The operation and maintenance of any public water facility . . . [or] sanitation facility."

The issue is thus whether this action is one for injuries resulting from "the operation and maintenance" of a public water facility or sanitation facility. Although the GIA does not define "maintenance," it defines "operation" as:

> the act or omission of a public entity or employee in the exercise and performance of the powers, duties, and functions vested in them by law with respect to the purposes of any . . . public water . . . [or] sanitation . . . facility.

Section 24–10–103, C.R.S. (1988 Repl.Vol. 10A).

Here, Richland alleges that its injuries resulted from the District's failure to keep accurate records and from its negligence in furnishing inaccurate information regarding the availability of water and sewer taps. The pertinent inquiry is whether accurate record keeping and the supplying of information in response to inquiries of the public are duties or functions vested in the District "by law" with respect to the District's purposes.

In this regard, Richland has not identified any statutory requirement that the District perform such duties or functions. Nevertheless, it urges that the "vested by law" component of the definition of "operation" can be satisfied by a showing that the duties were imposed at common law. Specifically, Richland asserts that the District had a common law duty to Richland not to provide false and misleading information and that the waiver of immunity in § 24–10–106(1)(f) therefore applies. We reject this contention.

We are aware of no statutory or common law duty owed by the District to keep accurate records and to respond to inquiries such as that made by Richland's predecessor concerning the availability of water and sewer taps. Also, we find no support for Richland's interpretation in the language of the GIA itself or in its legislative history. Such an expansive interpretation of the waiver provision would violate the supreme court's admonition that exceptions to the immunity provisions in the GIA must be narrowly interpreted. *See City of Denver v. Gallegos, supra.*

▌ Moreover, under § 24–10–103, C.R.S. (1988 Repl.Vol. 10A) the pertinent act or omission of the public entity is deemed to be an "operation" only if it is vested by law "with respect to the purposes" of the public water or sanitation facility. Thus, sovereign immunity is waived only if the act or omission relates to the purpose of the *facility. See Pack v. Arkansas Valley Correctional Facility,* 894 P.2d 34 (Colo.App.1995). *See also Howard v. City & County of Denver,* 837 P.2d 255 (Colo.App.1992) (waiver of immunity for "operation" of a jail inapplicable to claim against municipality based on allegedly negligent bond recommendation and failure to serve arrest warrants).

In *Pack v. Arkansas Valley Correctional Facility, supra,* plaintiff sued as a result of a slip and fall that occurred in the visitors' parking lot at the correctional facility. In concluding that the waiver of immunity for injuries resulting from the operation and maintenance of a correctional facility was inapplicable, a division of this court emphasized that the maintenance of the parking area was merely ancillary to the purpose of the correctional facility.

Here, the purpose of a water facility is to supply water for domestic and other public and private purposes by any available means and to provide necessary reservoirs, treatment works, and facilities. *See* § 32–1–104(18), C.R.S. (1995 Cum.Supp.). Also, the purpose of a sanitation facility is to provide a sewer system for public use. *See* § 32–1–104(18), C.R.S. (1995 Cum.Supp.). The functions of record keeping and responding to inquiries as to the availability of water and sewer taps are, at most, ancillary to these purposes. The waiver provision of § 24–10–106(1)(f) is therefore inapplicable.

We therefore conclude that Richland's claims are barred by the GIA and that the trial court erred in denying the District's motion to dismiss the claims for relief based on negligent misrepresentation and municipal estoppel.

The judgment is reversed, and the cause is remanded with directions to dismiss Richland's first and second claims for relief and for further proceedings consistent with this opinion.

HUME and ROTHENBERG, JJ., concur.