**Joseph W. ARABASZ, Plaintiff–Appellee,**

v.

**Patricia SCHWARTZBERG, Manager of Revenue and Ex–Officio Treasurer of the City and County of Denver, and George Simons, Defendants–Appellants.**

No. 96CA0294.

Colorado Court of Appeals,
Div. I.

Dec. 27, 1996.

Rehearing Denied Jan. 23, 1997.

Certiorari Denied Sept. 8, 1997.

James F. Donaldson, Denver, for Plaintiff–Appellee.

Daniel E. Muse, City Attorney, Maria Kayser, Assistant City Attorney, Denver, for Defendant–Appellant Patricia Schwartzberg.

Robert W. Caddes, Denver, for Defendant–Appellant George Simons.

Opinion by Judge ROY.

Defendants, George Simons and Patricia Schwartzberg, Manager of Revenue and Ex–Officio Treasurer of the City and County of Denver (the City), appeal from the summary

judgment entered in favor of plaintiff, Joseph W. Arabasz, voiding a treasurer's deed issued to Simons for property which had been owned by Arabasz prior to the tax sale. We reverse and remand with directions.

Arabasz was the owner of residential property located in Denver. In July 1991, Arabasz failed to pay the second half of his 1990 property taxes, the taxes became delinquent, and the City sold the tax lien arising from that delinquency to Simons in November 1991. A little more than three years later, after paying the interim yearly taxes, Simons applied for a treasurer's deed.

Following Simons' application, the City sent an initial notice of the application to Arabasz by first class mail at the property address on December 2, 1994. Then, on December 23, 1994, the City published a notice of Simons' application for a tax deed in a local newspaper as required by statute. The initial and published notice both stated that the property had to be redeemed prior to the issuance of the treasurer's deed and that the earliest date upon which the treasurer's deed could be issued was April 14, 1995. A copy of the published notice was also sent to Arabasz and Occupant by certified mail at the property address on December 23, 1994.

Both notices mailed by certified mail were returned on January 26, 1995. Therefore, on February 12, 1995, notice was posted on the property in accordance with the statute. The posted notice included a copy of the published notice which stated the first date upon which the treasurer's deed could issue was April 14, 1995. The posting, in fact, extended the issuance date to May 12, 1995.

Shortly after the posting, Arabasz contacted the treasurer's office in person regarding a "newspaper article" that had been left at his house. Arabasz could not remember whether the "article" pertained to a treasurer's deed and he was told to contact the office when he so determined.

On March 7, 1995, Arabasz contacted the treasurer's office by telephone and was informed of the redemption amount and that the redemption deadline was April 14, 1995. Arabasz apparently indicated he would "take care of it."

On April 6, 1995, Arabasz again contacted the treasurer's office by telephone and was given the then current redemption amount and was told that the amount "was good" until April 28.

On May 12, 1995, Simons was notified that his application had been approved and that he could pick up his deed.

Thereafter, on May 23, 1995, the treasurer's office sent redemption statements to all property owners who had outstanding liens, including Arabasz, indicating that the redemption amount given in the statement was valid until June 30, 1995. This statement was sent out by the treasurer's office as a courtesy to the property owners and was not required by law.

On May 25, 1995, Simons was issued a treasurer's deed for the property which he recorded that day. On June 30, 1995, Arabasz, through his counsel, tendered certified funds in the amount listed on the May 23, 1995, redemption statement. The treasurer's office refused to accept Arabasz' tendered payment because the treasurer's deed had issued.

Arabasz then filed this action for declaratory relief against the City and Simons challenging the validity of the treasurer's deed issued by the City. He asserted two claims: (1) estoppel based on misrepresentations made in the redemption statement dated May 23, 1995; and (2) estoppel based on the alleged negligence of the treasurer's office with respect to the redemption statement. Arabasz requests the treasurer's deed be declared void and that his attempted redemption be permitted. He did not seek damages against either defendant.

Simons asserted a counterclaim against Arabasz seeking to quiet title in the property as to Arabasz' interests. All parties filed motions for summary judgment with respect to Arabasz' claims and Simons also filed a motion for summary judgment on his quiet title counterclaim.

The trial court concluded that Arabasz' claim for estoppel based on negligence was barred by the Colorado Governmental Immunity Act (CGIA), § 24-10-101, et seq., C.R.S.

(1988 Repl.Vol. 10A), and dismissed the claim.

The trial court further concluded that Arabasz' estoppel claim based on misrepresentation was not barred by the CGIA, and found: (1) that the May 23, 1995, redemption statement was misleading; (2) that Arabasz relied on the redemption statement and the June 30, 1995, date indicated; (3) that the reliance was reasonable; and (4) that Arabasz was injured by the loss of his property. The court then entered summary judgment in favor of Arabasz, invoked the doctrine of equitable estoppel, declared that the treasurer's deed was void, and granted Arabasz a redemption period for twenty days following the issuance of the order at the amount stated in the redemption statement of May, 23, 1995. This appeal followed.

## I.

■ The City contends that the trial court erred in determining that Arabasz' estoppel claim based on misrepresentation was not barred by the CGIA. We agree.

The CGIA provides that a public entity shall be immune from liability in all claims which lie in tort or could lie in tort unless the claim is among those for which immunity has been expressly waived. See § 24–10–108, C.R.S. (1996 Cum.Supp.); *Berg v. State Board of Agriculture,* 919 P.2d 254 (Colo. 1996).

■ In resolving whether a claim is barred by the CGIA, the question is not how the claim is characterized, but whether the claim is a tort claim or could be a tort claim. *Board of County Commissioners v. DeLozier,* 917 P.2d 714 (Colo.1996). This determination is to be made on a case-by-case basis. *Berg v. State Board of Agriculture, supra.*

■ Estoppel may be founded upon contract or tort principles. *Board of County Commissioners v. DeLozier, supra.* Claims based on negligent misrepresentation or for estoppel of a municipality based on alleged misrepresentations lie in tort or could lie in tort. *Richland Development Co. v. East Cherry Creek Valley Water & Sanitation District,* 934 P.2d 841 (Colo.App.1996).

Arabasz' claim was based upon statements made by the City in the May 23, 1995, redemption statement which could reasonably be construed as extending the redemption period. Arabasz does not dispute that the City complied with all statutory requirements in conducting the sale and issuing the treasurer's deed. See *Bald Eagle Mining & Refining Co. v. Brunton,* 165 Colo. 28, 437 P.2d 59 (1968) (a treasurer's deed is prima facie evidence of the regularity of the proceedings). Arabasz neither argues, nor do we find, that his estoppel claim based on a misrepresentation falls within one of the statutory provisions for which immunity is waived under the CGIA.

The fact that the remedy sought was the equitable remedy of the invalidation of the treasurer's deed which, if granted, shifts the onus of the remedy to Simons does not, in our view, affect the analysis.

Therefore, we conclude that Arabasz' claim against the City for estoppel based on a misrepresentation is barred by the CGIA, and thus, the trial court erred in not dismissing Arabasz' complaint. See *Richland Development Co. v. East Cherry Creek Valley Water & Sanitation District, supra.*

## II.

■ Simons contends that the trial court erred in not entering judgment in his favor on his counterclaim seeking to quiet title to the property as against Arabasz. We agree.

■ A treasurer's deed is prima facie evidence of the regularity of the proceedings. That presumption, however, is rebuttable upon presentation of evidence that the statutory requirements were not followed. See § 39–11–136, C.R.S. (1994 Repl.Vol. 16B); *Bald Eagle Mining & Refining Co. v. Brunton, supra.*

As previously noted, Arabasz does not dispute that the City satisfied all of the statutory requirements in issuing the treasurer's deed to Simons. Thus, under these circumstances, Arabasz was required by statute to exercise his right to redeem before the treasurer's deed was issued to Simons. See § 39–12–103(3), C.R.S. (1994 Repl.Vol. 16B).

The issuance of the deed terminated both Arabasz' ownership interest in the property and his right to redeem. *See* §§ 39–11–136 and 39–12–103(3); *Winter Park Devil's Thumb Investment Co. v. BMS Partnership*, 926 P.2d 1253 (Colo.1996).

Therefore, we conclude that the trial court erred in not quieting title to the property in Simons as against any interest of Arabasz, only.

In view of our holding, we need not address the remaining contentions of the parties.

The summary judgment in favor of Arabasz on his claim of estoppel by misrepresentation is reversed and the cause is remanded to the trial court with directions to dismiss Arabasz' complaint and to enter judgment quieting title in the property in favor of Simon as against any interest of Arabasz.

METZGER and HUME, JJ., concur.