**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIE HINTON; RASHIMA
HINTON,

         Plaintiffs-Appellants,

TIFFANY MARTIN, a minor child,
Through Guardians WILLIE AND
RASHIMA HINTON,

         Plaintiff,

v.

AMY FRANCK, Boulder Deputy;
DEPUTY AUBRY, Boulder Deputy;
SUE YANKOVICH, Jail Booking
Sgt., Boulder County; MELISSA
ANDREWS, Bond Commission
Agent, Boulder County; ED
TORRES, Lt., Jail Supervisor,
Boulder County; LARRY HANK,
Captain, Jail Administrator;
GEORGE EPPS, Boulder County
Sheriff; GENE MYERS, Emergency
Worker, Boulder DSS; MIKE
RHODES, Supervisor, Boulder DSS;
CHRISTINE HIGHNUM, Director
DSS, Boulder County; JENNIFER
JACKSON, Boulder ADA;
TIMOTHY L. JOHNSON, Boulder
ADA; TIMOTHY TALKINGTON,
Boulder ADA; ALEXANDER
HUNTER, Boulder District Attorney;
ANDREW R. MACDONALD,
Assistant Boulder County Attorney;
JOHN DOE(S), as they become
known, employees of Boulder

No. 00-1142
(D.C. No. 99-K-1561)
(D. Colo.)

County, Colorado; BOULDER
COUNTY DSS; BOULDER
COUNTY SHERIFF'S
DEPARTMENT; BOULDER
COUNTY DA'S OFFICE,

Defendants-Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

Plaintiffs-appellants Willie Hinton and Rashima Hinton, proceeding pro se in the district court and on appeal, challenge the district court's order granting dismissal and summary judgment against them on their federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

The basic facts are not in dispute. Plaintiffs' claims arose from an incident involving them and their granddaughter of whom they had custody. Because of the granddaughter's misbehavior, Mr. Hinton called the Boulder Department of Social Services on the evening of November 3, 1998, to request that the child be removed from his home. That agency informed him that there was no legal basis to remove the child, but he could call 911 and request assistance, which Mr. Hinton did. During the calls, Mr. Hinton made statements indicating he might physically harm the child. As a result of Mr. Hinton's calls, two police officers entered the Hinton home without invitation, questioned Mr. and Mrs. Hinton, as well as their granddaughter, and arrested Mr. Hinton. After he was transported to the Boulder County Jail, he was placed in a holding area for five hours after which it was too late in the evening for him to be considered for bail. Accordingly, he spent that night in jail, and then one more night because his bail application was not processed the next day. During his jail stay, he was not given his prescribed medication until the morning of November 5, 1998. Upon his release from jail, a "no-contact" order was imposed on Mr. Hinton, requiring him to stay away from Mrs. Hinton and their granddaughter, and preventing him from taking "prescribed therapy with his wife in attendance." Appellants' Br. at 32.

The plaintiffs sued those involved in the incident, all of whom are governmental agencies or employees. Plaintiff's federal claims are based on 42 U.S.C. § 1983, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. Their state law claims alleged that defendants committed various torts.

On appeal, plaintiffs argue that the district court erred in dismissing the following claims: (1) the police officers entry into their home was unjustified; (2) they were subjected to a custodial in-home interrogation absent the required Miranda advisement; (3) the delay in processing Mr. Hinton's request for bail constituted false imprisonment; and (4) the denial of medical treatment to Mr. Hinton constituted deliberate indifference to his serious medical needs, both in the delay in providing him his prescribed medication while he was in jail, and in enforcing the no-contact order which prevented him from taking therapy attended by his wife. Even though plaintiffs have not proffered any arguments on their remaining claims, we have reviewed them. For any claims not addressed specifically below, the district court's judgment is affirmed for substantially the reasons given by that court.

<u>Standards of Review</u>

The district court granted defendants' motions to dismiss and for summary judgment. We review de novo an order dismissing a complaint for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, using the same standard applied by the district court. <u>See Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y</u>, 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." <u>Maher v. Durango Metals, Inc.</u>, 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

We also review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. <u>See McKnight v. Kimberly Clark Corp.</u>, 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

Because plaintiffs are appearing pro se, we will liberally construe their pleadings.
Whitney v. N.M. , 113 F.3d 1170, 1173 (10th Cir. 1997).

District Attorney and Bond Commissioner Defendants

Because the Boulder District Attorney personnel were prosecutors acting within the scope of their employment in preparing and filing criminal charges, they are entitled to absolute immunity. Kalina v. Fletcher , 522 U.S. 118, 129 (1997) . Even, as plaintiffs claim, were the acts of the prosecutors "criminal," the Supreme Court has held that no private cause of action will lie. Imbler v. Pachtman , 424 U.S. 409, 427 (1976) ("To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."). The Court then emphasized that other remedies are available to deter and punish prosecutorial misconduct. Id. at 428-29.

Defendant Andrews, a bail bond commissioner performing her duties for the Twentieth Judicial District, is entitled to absolute quasi-judicial immunity, because she comes under the ambit of "persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." Whitesel v. Sengenberger , 222 F.3d 861, 867 (10th Cir. 2000) (quotation omitted). Those who assist in the decision "whether to order the pretrial release of a criminal defendant . . . perform critical roles[,] . . . intimately

associated with the judicial phase of the criminal process, and, therefore, they are entitled to absolute immunity from civil suit for damages." Id. at 867-68 (quotations omitted). Accordingly, dismissal and summary judgment as to defendants Hunter, Talkington, Johnson, Jackson, and Andrews were proper.

<u>Agency Defendants</u>

Plaintiffs named three governmental agencies as defendants: Boulder County Sheriff's Department, Boulder County District Attorney's Office, and Boulder County Department of Social Services. No allegations were made against these entities, other than that their employees acted unlawfully. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor --or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978). We do not examine whether these entities are subject to liability under § 1983 because plaintiffs' pleadings base liability only on respondeat superior which cannot support a claim against the agencies. Accordingly, the agency-defendants were properly dismissed.

<u>Police Officers and Social Worker</u>

Defendants Franck and Aubry were the police officers who responded to plaintiffs' home pursuant to Mr. Hinton's telephone calls. Defendant Yankovich

was the jail supervisor on duty when Mr. Hinton arrived at the jail. Defendant Myers was the social worker who received Mr. Hinton's telephone call that evening. These defendants responded to plaintiffs' complaint by raising the defense of qualified immunity.

"Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Because qualified immunity is asserted, "we apply a heightened pleading standard, which requires that the complaint contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'" Dill v. City of Edmond, Okla., 155 F.3d 1193, 1204 (10th Cir. 1998) (quoting Breidenbach v. Bolish, 126 F.3d 1288, 1293 (10th Cir. 1997)).

We conclude that the police officers' entry into plaintiffs' home was objectively reasonable under the circumstances and, therefore, the officers are entitled to qualified immunity. Colorado statutes require officers to investigate reports of child abuse. Colo. Rev. Stat. § 19-3-308. Plaintiffs argue that because

the officers could see through the doorway that no one had yet been injured, their entry into the home was unreasonable. This position minimizes Mr. Hinton's threats to injure the child and ignores the statute requiring an investigation.

As for plaintiffs' claim that they were subjected to custodial interrogation in their home because they did not feel free to leave, the remedy for any violation of their Miranda [1] rights is to exclude their statements from the evidence at trial; a police officer who fails to give a Miranda warning is not subject to liability under § 1983. Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir. 1976). Because neither plaintiff was brought to trial as a result of the incident, no remedy is necessary.

We next consider Mr. Hinton's claim that the delay in setting a bail bond constituted false imprisonment. To maintain a false imprisonment claim under § 1983, a plaintiff must demonstrate the elements of a common law claim and show that his Fourth Amendment right to be free from unreasonable search and seizure has been violated. See Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996). Under Colorado law, a claim for false imprisonment cannot stand if there was probable cause to arrest. Rose v. City & County of Denver, 990 P.2d 1120, 1123 (Colo. Ct. App. 1999). There was a specific finding of probable cause for

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

the arrest of Mr. Hinton, R. Doc. 26, Ex. 11, therefore, this claim was properly dismissed.

Plaintiffs also assert that the no-contact order violated their associational rights. They do not dispute that the order was issued by a judge based on their statements and actions, and those of their granddaughter. The no-contact order was vacated at Mrs. Hinton's request. We determine that defendants' actions were objectively reasonable under the circumstances and, therefore, they are entitled to qualified immunity.

In order to address Mr. Hinton's claims that his medical needs were not met, we first consider his assertion that he was denied medication during the time he was in jail. As a pretrial detainee, he was protected under the Due Process Clause against the jailers' deliberate indifference to his serious medical needs. Lopez v. LeMaster, 172 F.3d 756, 759 n.2, 764 (10th Cir. 1999). Mr. Hinton arrived at the jail on the evening of November 3 and he received his medications on the morning of November 5. In the interim, the necessary documents were completed and processed. Under the circumstances, we conclude that Mr. Hinton has not shown that jail personnel were deliberately indifferent to his request for medication.

As for Mr. Hinton's claim that he was denied his right to medical care as a consequence of the no-contact order, plaintiffs have not demonstrated that Mr.

Hinton's need to have Mrs. Hinton present during his prescribed therapy was "serious." These vague, conclusory claims cannot withstand summary judgment. Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996) (conclusory allegations not supported by evidence insufficient to resist summary judgment). The mere fact that a medical treatment is "prescribed" does not automatically bring it within the purview of the Due Process Clause. Accordingly, Mr. Hinton has not shown that his constitutional right was violated.

### Supervisor Defendants

Plaintiffs alleged that several defendants, serving in their capacities as supervisors, were liable because they had failed to train and supervise their employees who were involved in the actions on which this suit is based. The supervisors proffered a qualified immunity defense. "In order to overcome the qualified immunity of a supervisor, a plaintiff most show that the defendant-supervisor took deliberate action in directing the constitutional violation, or had actual knowledge of the violation and allowed the violation to continue." DeAnzona v. City & County of Denver, 222 F.3d 1229, 1234 (10th Cir. 2000). Plaintiffs' allegations fall short of such a showing, thus the district court properly granted dismissal and summary judgment to defendants Epp, Torres, Hank, Highnam, and Rhodes.

<u>State Law Claims</u>

Colorado state law waives sovereign immunity for a public employee's willful and wanton conduct. Colo. Rev. Stat. § 24-10-118. Plaintiffs alleged that defendants acted willfully and wantonly, but they offered no facts to support their claim as required by Colo. Rev. Stat. § 24-10-110(5). In the absence of genuine issues of fact regarding whether the defendants' conduct was willful and wanton, the district court properly determined that the pleadings failed to state a claim of willful and wanton conduct. <u>Barham v. Scalia</u>, 928 P.2d 1381, 1385 (Colo. Ct. App. 1996) (court is to determine whether plaintiff's pleadings contain sufficient facts to state claim based upon willful and wanton conduct).

Sovereign immunity is also waived for the operation of a jail by a public entity. Colo. Rev. Stat. § 24-10-106(1)(b). That section applies to Mr. Hinton's medical claim, <u>State v. Nieto</u>, 993 P.2d 493, 507 (Colo. 2000), but not to his delay-of-bond claim, <u>Howard ex rel. Young v. City & County of Denver</u>, 837 P.2d 255, 257 (Colo. Ct. App. App. 1992). Even though the jail personnel are not immune from liability on Mr. Hinton's medical claim, plaintiffs' pleadings do not allege facts to demonstrate that his rights were violated, as discussed above. Dismissal of plaintiffs' state law claims was proper, as well.

Conclusion

Plaintiffs argue that because their pleadings set forth the constitutional rights in question and the actions of the defendants that violated those rights, they are entitled to a jury trial. They have not addressed, however, the law requiring them to meet the heightened pleading standard set out above. In the qualified immunity context, they are not allowed to conduct discovery in the hope of finding evidence to support their claims. See Breidenbach , 126 F.3d at 1293. They offer only their belief, no evidence, that defendants willfully and wantonly violated their rights. Plaintiffs' claims were properly dismissed because "it appears beyond doubt that [they] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." Conley , 355 U.S. at 45-46. Therefore, no citation of law could have saved plaintiffs' claims and they presented no issue for a jury's consideration.

AFFIRMED. The mandate shall issue forthwith.


Entered for the Court


Carlos F. Lucero
Circuit Judge

-13-