The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 15, 2022

## 2022COA106

**No. 19CA0546, *Cisneros v. Elder* — Government — Immunity and Partial Waiver — Operation of a Jail or Correctional Facility**

A division of the court of appeals considers whether a county sheriff who denied a detainee's release from jail after the detainee posted bond in order to comply with a hold placed on the detainee by U.S. Immigration and Customs Enforcement was engaged in the operation of a jail under section 24-10-106(1)(b), C.R.S. 2021. The division concludes that he was.

COLORADO COURT OF APPEALS                                    2022COA106

Court of Appeals No. 19CA0546
El Paso County District Court No. 18CV32870
Honorable Eric Bentley, Judge

Saul Cisneros,

Plaintiff-Appellee,

v.

Bill Elder, in his official capacity as Sheriff of El Paso County, Colorado,

Defendant-Appellant.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE RICHMAN
Johnson and Casebolt*, JJ., concur

Prior Opinion Announced November 19, 2020, Reversed in 21SC6

Announced September 15, 2022

Holland & Hart LLP, Stephen G. Masciocchi, Peter A. Kurtz, Alexandria E.
Pierce, Denver, Colorado; Mark Silverstein, Denver, Colorado, for Plaintiff-
Appellee

Diana K. May, County Attorney, Mary Ritchie, Assistant County Attorney,
Colorado Springs, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2021.

¶ 1     This case has been remanded from the supreme court pursuant to its opinion in *Cisneros v. Elder*, 2022 CO 13M.  The supreme court had granted certiorari

> to consider whether the division below erred in concluding that section 24-10-106(1.5)(b), C.R.S. (2021), of the Colorado Governmental Immunity Act ("CGIA") does not waive sovereign immunity for intentional torts that result from the operation of a jail for claimants who are incarcerated but not convicted.

*Id.* at ¶ 1.

## I.     Background

¶ 2     A division of this court had concluded that the defendant, Sheriff Bill Elder, was immune from the claim of the plaintiff detainee, Saul Cisneros, for false imprisonment under the CGIA because the complaint alleged an intentional tort, and the CGIA only allows a waiver of immunity for negligence.[1]  Judge Richman dissented from the majority and concluded that the CGIA waived immunity for intentional, as well as negligent, torts.  *Cisneros v. Elder*, 2020 COA 163M, ¶¶ 54-77.  In reversing the division's

---

[1] Judge Diana Terry authored the majority opinion.  Since issuance of that opinion and the supreme court's opinion and remand, Judge Terry has retired from the court of appeals.  Judge Casebolt was assigned by the Chief Judge to replace Judge Terry on this division.

majority opinion, the supreme court agreed with Judge Richman's dissent. The supreme court reasoned that the majority had interpreted the CGIA too narrowly by excluding intentional torts from the waiver of governmental immunity, which "would lead to an absurd result." *Cisneros*, 2022 CO 13M, ¶¶ 27-28. In his initial appeal, the sheriff, in addition to arguing that the CGIA waiver of immunity did not apply to intentional torts, had also argued that the CGIA waiver of immunity did not apply in this case because plaintiff had not demonstrated that his injury resulted from the operation of a jail under section 24-10-106(1)(b).

¶ 3    Given its interpretation of the CGIA, the division's majority did not need to reach the sheriff's second argument. The dissent, however, did, and it determined that the district court correctly concluded that plaintiff's alleged injury resulted from the sheriff's operation of a jail.

¶ 4    With respect to the second issue, the supreme court said that it would not reach it because it was not within the grant of certiorari as set forth above. *Cisneros*, 2022 CO 13M, ¶ 36.

Therefore, the court remanded the case to us to address the unresolved issue. *Id.* We do so now.[2]

## II. Standard of Review

¶ 5 An issue of governmental immunity under the CGIA presents a question of subject matter jurisdiction to be determined under C.R.C.P. 12(b)(1). *Maphis v. City of Boulder*, 2022 CO 10, ¶ 13. Because the CGIA immunity provisions derogate Colorado's common law, "we construe the [C]GIA provisions that withhold immunity broadly [and] we construe the exceptions to these waivers strictly." *Tidwell v. City & Cnty. of Denver*, 83 P.3d 75, 81 (Colo. 2003) (quoting *Corsentino v. Cordova*, 4 P.3d 1082, 1086 (Colo. 2000)). Where, as here, "the relevant facts underlying a trial court's jurisdictional findings are undisputed and the issue presents a question of law, then appellate review is de novo." *Daniel v. City of Colorado Springs*, 2014 CO 34, ¶ 10. This is because the remaining question involves a question of statutory interpretation. *Maphis*, ¶ 15. When interpreting a statute, we must give effect to the

---

[2] After remand, plaintiff filed a motion requesting a ruling on the issue, and the sheriff filed a response in opposition to the motion. Because the motion was unnecessary and our opinion resolves the issues raised, we need not address it further.

General Assembly's intent; we do so by looking at the statute as a whole, to give harmonious and consistent effect to all of its parts. *Id.*

### III.    Analysis

¶ 6    The CGIA provides that sovereign immunity is waived for injuries that result from the operation of a jail.  The sheriff argues that the conduct alleged in this case — that he refused to release plaintiff (after plaintiff posted bond) to comply with a hold placed on plaintiff by U.S. Immigration and Customs Enforcement — does not come within the definition of operation of a jail.  We disagree.

¶ 7    In pertinent part, the CGIA provides that

> (1) A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort . . . except as provided otherwise in this section.  Sovereign immunity is waived by a public entity in an action for injuries resulting from:
>
> . . . .
>
> (b) The operation of any . . . correctional facility . . . or jail by such public entity.

§ 24-10-106.

¶ 8    The statute then says that the waiver set forth in subsection (1)(b) "does not apply to claimants who have been convicted of a

4

crime and incarcerated in a correctional facility or jail pursuant to such conviction," § 24-10-106(1.5)(a), but that it "does apply to claimants who are incarcerated but not yet convicted of the crime for which such claimants are being incarcerated," § 24-10-106(1.5)(b).

¶ 9 The statute defines "operation" as "the act or omission of a public entity or public employee in the exercise and performance of the powers, duties, and functions vested in them by law with respect to the purposes of any . . . jail." § 24-10-103(3)(a), C.R.S. 2021.

¶ 10 As a division of our court has interpreted the CGIA, "sovereign immunity is waived *only* if the activity at issue relates to the facility's purpose." *Pack v. Ark. Valley Corr. Facility*, 894 P.2d 34, 37 (Colo. App. 1995). Thus, in that case, it concluded that maintenance of the visitors' parking lot at a jail did not fall within the "operation" of a correctional facility. *Id.*

¶ 11 We agree with the district court that the primary purpose of a jail is to confine, safely and effectively, persons charged with crimes and awaiting trial, or serving short sentences. *Cf. id.* ("The primary purpose of a correctional facility is to confine safely and effectively,

5

for the duration of their sentence, persons convicted of crimes."). And there is no dispute that plaintiff was being held pending trial and had not been convicted of the crime for which he was being held.

¶ 12    Plaintiff alleges he suffered injury from being detained unlawfully for almost four months after he had posted bond and was entitled to be released. The sheriff disagrees, relying on *Howard v. City & County of Denver*, 837 P.2d 255, 257 (Colo. App. 1992). There, a division of this court determined that a jail's pretrial investigative services to provide information to a court about setting bail and executing warrants for arrest are not part of the "operation of a jail." But here, plaintiff alleges that he should not have been "kept" in jail after posting bond, which raises a question of whether the sheriff properly exercised his duty by "safely detain[ing] every person duly committed thereto." *Id.* We hold that a sheriff's determination not to release an inmate after the inmate has properly posted bond lies at the heart of the sheriff's

duties and is related to the purpose and operation of a jail.[3]

Accordingly, we affirm the district court's ruling that the sheriff in this case is not immune from suit under section 24-10-106(1)(b).

## IV.   Conclusion

¶ 13     The order is affirmed, and the case is remanded to the district court for further proceedings consistent with this opinion.

JUDGE JOHNSON and JUDGE CASEBOLT concur.

---

[3] Further, Colorado law now provides that "[a] law enforcement officer shall not arrest or detain an individual on the basis of a civil immigration detainer request." § 24-76.6-102(2), C.R.S. 2021.