**TOWNSHIP HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation, Elaine K. Hamrick, Howard Tulper, James Cowgill, Sandi Yokooji, and Carroll Sorelle, as representatives of the class of Township Townhome Homeowners, Plaintiff–Appellants,**

v.

**ARAPAHOE ROOFING AND SHEET METAL COMPANY, a Colorado corporation, Defendant–Appellee,**

**and Concerning Podoll & Podoll, P.C., Appellant.**

No. 91CA1288.

Colorado Court of Appeals, Div. III.

Dec. 17, 1992.

Podoll & Podoll, P.C., Richard B. Podoll, Gregory G. Sapakoff, Denver, for plaintiffs-appellants.

Hurth, Yeager & Sisk, Charles L. Sisk, Barbara J. Gifford, Boulder, for defendant-appellee.

Podoll & Podoll, P.C., pro se.

Opinion by Judge SMITH.

Plaintiffs, Township Homeowners Association, Inc., Elaine K. Hamrick, James Cowgill, Sandi Yokooji, and Carroll Sorelle (as representatives of the class of Township Townhouse Homeowners), and their attorneys, Podoll and Podoll, P.C., appeal the order of the trial court imposing sanc-tions against them under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) for asserting a frivolous and groundless request for attorney fees in their complaint against defendant, Arapahoe Roofing and Sheet Metal Company. We reverse.

Plaintiffs' complaint asserted claims against defendant for negligence and breach of contract. Each claim was followed by a prayer for relief which stated:

> WHEREFORE, Plaintiffs pray for judgment against Defendant Arapahoe Roofing and Sheet Metal Company ... in an amount to be determined at trial, together with costs, interest, expert witness fees, *attorneys' fees* and for such other and further relief as this Court deems just in the premises. (emphasis added)

Following trial, the court found in favor of plaintiffs on both claims and awarded $500 in actual damages. The court further ruled that, inasmuch as plaintiffs had failed to present any evidence to justify an award of attorney fees as requested in the prayer, defendant was entitled to such fees as a sanction under § 13–17–101.

The sole issue before us is whether this latter ruling was proper. We conclude that it was not.

Under the statute at issue, a trial court is required to award attorney fees if it finds that the prosecution or defense of an action, either in whole or in part, lacked substantial justification. *See, e.g., Carnal v. Dan Coleman, Inc.,* 727 P.2d 412 (Colo. App.1986). Specifically, the statute focuses on the nature of the *claims* and *defenses* asserted in an action, and it mandates the imposition of sanctions when a claim or defense is found to be "substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A).

Here, plaintiffs do not contest the trial court's conclusion that the failure to present any evidence in support of a claim for attorney fees justifies the imposition of sanctions under the statute. The crux of plaintiffs' argument is, rather, that the trial court erred in concluding that they as-

serted such a claim by their sole reference to attorney fees in the prayer.

Thus, resolution of plaintiffs' argument turns on whether the prayer is considered a component of a plaintiff's claim for relief.

Courts have consistently answered this question in the negative, recognizing that, while under C.R.C.P. 8(a) a prayer for relief must accompany each "claim for relief," the relief ultimately granted is governed not by the demand, but by the facts alleged, the issues, and the proof. *Fleming v. Colorado State Board of Education,* 157 Colo. 45, 400 P.2d 932 (1965); *Smith v. Buckeye Incubator Co.,* 51 U.S. Patents Quarterly 130, 2 F.R.D. 134 (1940); *see also* C. Krendal, *Colorado Methods of Practice* § 522 (1989). Indeed, C.R.C.P. 54(c) specifically directs the court to grant the relief to which the claimant "is entitled" even if the party has not demanded such relief in his pleadings.

In light of the limited role accorded the prayer under the rules of civil procedure, we conclude that if a plaintiff's *only* reference to attorney fees is found in the prayer, the plaintiff has not alleged a claim for such fees under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A).

Our holding is bolstered by the fact that, as noted earlier, attorney fees are governed by a separate statutory scheme when imposed as a sanction for groundless and frivolous claims. Under this scheme, attorney fees may be imposed by the court on its own initiative or, on motion of either party, either before or after judgment. *Bakehouse & Associates, Inc. v. Wilkins,* 689 P.2d 1166 (Colo.App.1984). Moreover, under the statute, an award is contingent on proof that a claim/defense was, indeed, substantially frivolous and/or groundless.

Accordingly, inclusion of attorney fees in the prayer is essentially surplusage. At most, such reference provides notice to the opposing party that such fees *may* be requested. However, under the statute at issue, inclusion is not dispositive of whether the issue will be raised. Likewise, it is not dispositive of how it will be resolved. In short, the plaintiff is entitled to the relief made out by the case, and the case,

as to attorney fees, must satisfy the legal and evidentiary standards established by the statute.

This differs sharply from a claim for interest under § 13–21–101, et seq., C.R.S. (1986 Repl.Vol. 6A). There, interest may be awarded only if the same is requested "in the complaint." In such circumstances, such a request may be contained in the prayer in which event that prayer may be considered to be a necessary part of a plaintiff's "claim for relief" under C.R.C.P. 8. *Jacobson v. Doan,* 136 Colo. 496, 319 P.2d 975 (1957); *Briggs v. Cornwell,* 676 P.2d 1252 (Colo.App.1983). In these situations, however, reference to interest in the plaintiff's complaint is *dispositive* of the issue of interest. *Stemple v. Phillips Petroleum Co.,* 430 F.2d 178 (10th Cir.1970). Thus, by including interest in the demand, the plaintiff "is entitled," in a manner consistent with C.R.C.P. 54(c), to such relief.

Inasmuch as we conclude that plaintiffs have not asserted a claim for attorney fees under the statute at issue, the trial court's order awarding defendant attorney fees for defending against such a "claim" cannot stand.

The order awarding attorney fees to defendants is reversed.

CRISWELL and ROTHENBERG, JJ., concur.