Vernon DALEY, Plaintiff–Appellee,

v.

UNIVERSITY OF COLORADO HEALTH SCIENCES CENTER, a/k/a University of Colorado, Defendant–Appellant.

No. 04CA0078.

Colorado Court of Appeals, Div. III.

Jan. 27, 2005.

Certiorari Denied May 16, 2005.

Benjamin Silva, III & Associates, P.C., Benjamin Silva, III, Lakewood, Colorado, for Plaintiff–Appellee.

Office of University Counsel, Michael W. Schreiner, Denver, Colorado, for Defendant–Appellant.

VOGT, J.

Defendant, the University of Colorado Health Sciences Center, appeals the trial court's order denying its motion to dismiss the complaint brought by plaintiff, Vernon Daley, on the basis of governmental immunity. We reverse and remand with directions.

Plaintiff alleged in his complaint that defendant's self-insurance trust and professional risk management division had a contract to supply risk analysis, claim review, and litigation assistance services to Denver Health Medical Center. In performing those services, plaintiff alleged, defendant had obtained and circulated his medical records without his authorization. Plaintiff sought damages under theories of invasion of privacy, extreme and outrageous conduct, and civil theft.

Defendant moved to dismiss pursuant to C.R.C.P. 12(b)(1) on the basis that plaintiff's claims were barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2004. Disputing plaintiff's contention that the action fell within the GIA's waiver of immunity for injuries resulting from the operation of a public hospital, defendant argued that the provision of risk management services to Denver Health Medical Center did not constitute the operation of a public hospital.

The trial court summarily denied defendant's motion. Defendant then brought this interlocutory appeal pursuant to § 24–10–108, C.R.S.2004.

Defendant contends the trial court erred in concluding that plaintiff's claims were not barred under the GIA. We agree.

Under the GIA, a public entity is "immune from liability in all claims for injury which lie in tort or could lie in tort," except for certain categories of actions for which immunity is specifically waived. Section 24–10–106(1), C.R.S.2004. Whether a claim falls within one of the waiver of immunity provisions is an issue of subject matter jurisdiction to be determined by the trial court under C.R.C.P. 12(b)(1). *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995).

When the jurisdictional facts are in dispute, the trial court should conduct an evidentiary hearing before ruling on the immunity issue. However, the court may rule on the public entity's motion to dismiss without convening an evidentiary hearing when it accepts all the plaintiff's assertions of fact as true. *Padilla v. School Dist. No. 1,* 25 P.3d 1176 (Colo.2001). In such cases, the immunity issue is one of law, and the appellate court reviews the trial court's ruling de novo. *Tidwell v. City & County of Denver,* 83 P.3d 75 (Colo.2003).

Because the GIA is in derogation of the common law, we construe strictly the grant of immunity in favor of the public entity. We construe broadly the provisions waiving immunity, in the interest of compensating victims of governmental negligence. *Springer v. City & County of Denver,* 13 P.3d 794 (Colo.2000). Nonetheless, the burden is on the plaintiff to prove subject matter jurisdiction under the GIA. *Medina v. State,* 35 P.3d 443 (Colo.2001); *Sereff v. Waldman,* 30 P.3d 754 (Colo.App.2000).

It is undisputed that defendant is a public entity and that it is immune from liability in this case unless plaintiff's claims are for injuries resulting from defendant's operation of a public hospital. Accepting the allegations in the complaint as true, we conclude plaintiff's claims are not for injuries resulting from the operation of a public hospital.

Section 24–10–106(1)(b), C.R.S.2004, provides that sovereign immunity is "waived by a public entity in an action for injuries resulting from ... [t]he operation of any public hospital, correctional facility ... or jail by such public entity."

"Public hospital" is not defined in the GIA. However, case law recognizes that the primary purpose of a hospital is to provide medical or surgical care to sick or injured persons. *See Sereff v. Waldman, supra; Plummer v. Little,* 987 P.2d 871 (Colo.App. 1999); *see also Craven v. University of Colorado Hospital Authority,* 260 F.3d 1218 (10th Cir.2001).

For purposes of § 24–10–106(1)(b), the term "operation" is defined as "the act or omission of a public entity or public employee in the exercise and performance of the powers, duties, and functions vested in them by law with respect to the purposes of any public hospital, jail, or public water, gas, sanitation, power, or swimming facility." Section 24–10–103(3)(a), C.R.S.2004.

■ "Operation" of a public hospital or other facility, within the meaning of § 24–10–106(1)(b), does not include the performance of functions that are only ancillary to, or remotely related to, the primary purpose of the facility. *See Craven v. University of Colorado Hospital Authority, supra* (employee's wrongful discharge claim arose from a personnel action only remotely related to hospital's primary purpose, which was to provide medical or surgical care to sick or injured persons; thus, hospital's immunity was not waived under § 24–10–106(1)(b)); *Pack v. Arkansas Valley Correctional Facility,* 894 P.2d 34 (Colo.App.1995)(under § 24–10–106(1)(b), maintenance of visitor's parking lot at correctional facility was ancillary to primary purpose of correctional facility to confine persons convicted of crimes; therefore, no waiver of immunity for claims by visitor who slipped and fell on ice in parking lot); *see also Richland Development Co. v. East Cherry Creek Valley Water & Sanitation Dist.,* 934 P.2d 841 (Colo.App.1996)(no waiver of immunity under § 24–10–106(1)(f), C.R.S. 2004, where functions of record-keeping and responding to public inquiries were ancillary to purpose of water facility, which was to supply water); *cf. Sereff v. Waldman, supra* (residency program, which trained physicians

to assist in patient care, furthered purpose of hospital and thus constituted operation of public hospital for purposes of § 24–10–106(1)(b)); *Harris v. Regional Transportation Dist.,* 15 P.3d 782, 784 (Colo.App.2000)(under GIA, definition of "operation" applicable to a public facility is narrower than definition of "operation" applicable to motor vehicles).

According to plaintiff's complaint, his injuries arose out of defendant's provision to Denver Health of risk analysis, claim review, and litigation assistance services pursuant to a private contract. Accepting this allegation as true, we conclude that the provision of such services is ancillary to the primary purpose of a hospital—namely, to provide medical or surgical care to sick or injured persons—and thus, as a matter of law, does not constitute the operation of a public hospital. Therefore, defendant's immunity was not waived under § 24–10–106(1)(b).

In light of our determination, we need not consider defendant's alternative argument that the trial court erred in failing to conduct an evidentiary hearing on its motion to dismiss.

The order is reversed, and the case is remanded to the trial court with directions to dismiss plaintiff's complaint against defendant.

Judge TAUBMAN and Judge NEY concur.