**Benito NEGRON, Plaintiff–Appellant,**

v.

**Edd C. GILLESPIE, John Suthers, and Kim Burford, Defendants–Appellees.**

**No. 03CA1977.**

Colorado Court of Appeals, Div. III.

Jan. 27, 2005.

Rehearing Denied March 10, 2005.

Benito Negron, Pro Se.

John W. Suthers, Interim Attorney General, Nicole S. Gellar, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

TAUBMAN, J.

Plaintiff, Benito Negron, an inmate in the custody of the Colorado Department of Corrections (DOC), appeals the trial court's judgment dismissing his complaint against defendants, Edd C. Gillespie, John Suthers, and Kim Burford, all of whom are or were prison officials. We affirm.

Negron brought this action pursuant to C.R.C.P. 106(a)(2) seeking mandamus relief from a DOC policy that, he alleged, allows inmates to be charged a disproportionate amount of their meager incomes for basic medication and medical care. He specifically alleged that he was charged three dollars for twenty aspirin tablets when other prisoners were charged only sixty-eight cents. Negron further alleged that he had to wait thirteen days to see a nurse and to obtain the aspirin to treat a headache. Negron thus asserted that (1) the thirteen-day delay constituted deliberate indifference and negligence in violation of his Eighth Amendment right to medical care for serious medical needs and (2) the costs for aspirin and a clinic visit were unreasonable and illegal.

Negron sought an order requiring defendants to stop charging inmates three dollars for twenty aspirin tablets. He also requested that the court award him punitive damages based on defendants' alleged violation of his constitutional rights.

Defendants moved to dismiss Negron's complaint for failure to state a claim upon which relief could be granted.

The trial court granted defendants' motion to dismiss, finding that Negron failed to state a claim for mandamus relief. The court also found that, as long as Negron was not denied medical care for a serious medical need, the DOC could properly charge him a copayment. The court also determined that Negron failed to state a claim that he was denied access to the courts as a result of being

charged a copayment for medical care. Negron then brought this appeal.

Negron contends that the trial court erred in finding that he failed to state a claim for relief. We disagree.

A complaint may be dismissed when it fails to state a claim upon which relief may be granted. C.R.C.P. 12(b)(5). In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), the court must accept as true all averments of material fact and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909 (Colo.1996).

■ Under C.R.C.P. 106(a)(2), mandamus lies to compel a governmental body to perform an official act specifically required by law. It is an extraordinary remedy that is appropriate when: (1) a plaintiff has a clear right to the relief sought; (2) the agency has a clear duty to perform the act requested; and (3) no other adequate remedy is available to the plaintiff. *Lazuk v. Sch. Dist. No. 1,* 22 P.3d 548 (Colo.App.2000).

## I. Eighth Amendment

■ We conclude that Negron has failed to establish an Eighth Amendment violation. The mere failure to provide aspirin for thirteen days, without more, does not constitute deliberate indifference to serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(to state a cognizable claim under civil rights statute because of inadequate medical care, prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs); *see also Olson v. Stotts,* 9 F.3d 1475 (10th Cir.1993)(an eleven-day delay in elective heart surgery did not meet the deliberate indifference standard); *Dickson v. Colman,* 569 F.2d 1310 (5th Cir.1978)(complaints of dizziness and headaches did not constitute serious medical need), *cert. denied,* 439 U.S. 897, 99 S.Ct. 259, 58 L.Ed.2d 244 (1978); *Tyler v. Rapone,* 603 F.Supp. 268 (E.D.Pa.1985)(failure to provide inmate with dental care until two weeks after he complained of a toothache did not constitute deliberate indifference to serious medical need).

## II. Statutory Claim

■ Negron contends that the copayments are unreasonable under the applicable statute and that the trial court erred in denying his claim for mandamus relief. We disagree.

In Colorado, the General Assembly has provided that inmates may be charged copayments for medical care. Specifically, § 17-1-113(2), C.R.S.2004, provides that the DOC:

shall assess consistent copayments, in amounts to be determined by rule of the executive director pursuant to subsection (4) of this section, against an inmate's account for every medical service provided to such inmate by a physician, physician's assistant, nurse practitioner, registered nurse, or licensed practical nurse, whether such medical professional is institutional or noninstitutional.

Additionally, § 17-1-113(4), C.R.S.2004, provides that the executive director of the DOC shall promulgate rules related to medical copayments which shall address, but need not be limited to, the amount of a copayment, the detailed procedures that DOC personnel must follow in assessing such copayments, and the basis upon which a copayment may be waived by DOC personnel.

As long as the state meets an inmate's serious medical needs, each state may determine whether a governmental entity or an inmate must pay the cost of medical services provided to the inmate. *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). Accordingly, a state may establish inmate copayments for the provision of medical care. *See Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404 (9th Cir.1985)(holding that the imposition of a three dollar fee for each medical visit did not give rise to a claim for deliberate indifference to inmate's medical needs); *Johnson v. Dep't of Pub. Safety & Corr. Servs.,* 885 F.Supp. 817 (D.Md.1995)(policy requiring inmates to pay part of cost of medical care did not show deliberate indifference or cruel and unusual punishment absent proof that inmates were ever refused treatment because of inability to pay); *Mourning v. Corr. Med. Servs.,* 300 N.J.Super. 213, 692 A.2d 529 (1997)(statute providing for prison inmate co-

payment of medical expenses did not violate inmate's Eighth Amendment rights); *cf. Collins v. Romer*, 962 F.2d 1508 (10th Cir.1992)(affirming district court ruling that inmate copayment statute which did not provide exceptions to copayment requirement would be unconstitutional).

While the DOC has prepared proposed rules to implement § 17–1–113(2) and has promulgated its policies in a "Clinical Services Patient Handbook," it has not yet promulgated final rules as contemplated by the statute.

Nevertheless, Negron's mandamus claim must fail for three reasons. *See Lazuk v. Sch. Dist. No. 1, supra.* First, Negron has not shown that the amount of the copayments at issue—three dollars for aspirins and fifty cents for a clinic visit—are unreasonable. Second, any claim that the copayments are unreasonable in light of Negron's monthly income of five dollars cannot succeed in the absence of a showing, not present here, that Negron has unsuccessfully sought from the DOC a waiver of the applicable copayment. Third, Negron has not alleged that he has been denied treatment for a serious medical need because of his inability to make a copayment.

Under these circumstances, we conclude that the trial court properly denied Negron's claim for mandamus relief.

### III. Access to Courts

Negron's claim regarding the effect of the copayments on his ability to pay for postage for legal mail or the costs of service of process of legal papers fails because he did not allege that he was denied access to the courts as the result of being charged a copayment. *See Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)(court held that an inmate alleging a violation of the right to access the courts must show actual injury); *see also Reynolds v. Wagner*, 128 F.3d 166 (3d Cir.1997)(inmates' right of access to courts was not violated as result of prison's policy requiring inmates to pay modest fee for seeking certain medical care, in that inmates' claim that paying fee reduced their funds available for legal mail and photocopying did not establish requisite actual or immi-

nent interference with access to courts); *Negron v. Golder*, 111 P.3d 556, 2004 WL 2744605 (Colo.App. No. 04CA0444, Dec. 2, 2004)(to support a claim of violation of the right to access the courts, an inmate must allege an actual injury caused by the policy placing limitations on his or her access to postage).

Finally, we do not address Negron's argument, raised for the first time in his reply brief, that the trial court engaged in improper ex parte communications with defense counsel by having defense counsel prepare a proposed order. *See Flagstaff Enters. Constr. Inc. v. Snow*, 908 P.2d 1183 (Colo.App.1995)(reviewing court will not consider arguments raised for the first time in a reply brief).

Therefore, we conclude that the trial court properly granted defendants' motion to dismiss.

The judgment is affirmed.

Judge VOGT and Judge PICCONE concur.