**Richard Otto HANSEN, Plaintiff–Appellant,**

v.

**K. LONG, individually and as notary public of the State of Colorado and of the Federal Correctional Institution of Florence, Colorado, Defendant–Appellee.**

No. 06CA0928.

Colorado Court of Appeals, Div. A.

May 17, 2007.

complaint seeking mandamus relief against defendant, K. Long, a federal prison official, for lack of subject matter jurisdiction. We affirm.

In January 2006, plaintiff filed a complaint, which he designated as an "application for a writ of mandamus," against defendant, who, he alleged, was a notary public at the federal prison where he was incarcerated and who was responsible for providing prisoners with notary services to authenticate their legal documents. Plaintiff alleged that, in November 2005, defendant, acting under color of federal law, intentionally refused or failed to notarize an affidavit from him in support of a motion he had submitted to a court in Nebraska. He made no allegation that she violated any obligation owed by a notary under state law. Plaintiff further alleged that defendant thereby violated certain of his constitutional rights, including his rights of access to the courts and his due process and equal protection rights. On that basis, plaintiff sought mandamus relief compelling defendant to provide him with notary services to authenticate his legal documents, as well as compensatory and punitive damages.

On February 28, 2006, the district court, on its own motion and before any service of process on defendant, dismissed plaintiff's complaint for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1) and 12(h)(3).

The court first noted that the issue of subject matter jurisdiction may be raised at any time. For the limited purpose of determining the issue of subject matter jurisdiction, the court accepted the factual allegations of plaintiff's complaint as true. Nevertheless, the court ruled that state courts "have no jurisdiction to issue orders in the nature of mandamus to federal officers." Consequently, the court ruled that it lacked subject matter jurisdiction over plaintiff's mandamus action and that dismissal of plaintiff's complaint was required.

Contrary to plaintiff's arguments on appeal, we perceive no error in the district court's dismissal of his mandamus action.

Richard Otto, Hansen, Pro Se.

No Appearance, for Defendant–Appellee.

Opinion by Judge CRISWELL.*

Plaintiff, Richard Otto Hansen, an inmate in a federal prison in Colorado, appeals from the district court judgment dismissing his

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

## I.

We first reject plaintiff's argument that the district court erred in failing to construe his complaint as seeking some relief other than mandamus and in not finding jurisdiction on the basis of such other claim for relief.

Pursuant to C.R.C.P. 106(a)(2), a district court is authorized to grant relief in the nature of mandamus in appropriate cases to compel an officer to perform an act required by law or to prevent the unlawful preclusion of a party from exercising a right to which that party is entitled. Damages are authorized in such mandamus actions as well. Moreover, an action seeking mandamus relief under C.R.C.P. 106(a)(2) can be a viable method for an inmate to challenge alleged violations of constitutional rights by prison officials in appropriate cases. *See Negron v. Gillespie*, 111 P.3d 556, 558–59 (Colo.App. 2005) (addressing merits of mandamus action brought by inmate in state custody against state prison officials).

Here, not only was plaintiff's complaint entitled an "application for a writ of mandamus," but plaintiff expressly sought relief in the nature of mandamus compelling defendant to perform certain acts. In the jurisdictional allegations of his complaint, plaintiff also stated that "[t]his is a mandamus action under Colorado statute(s)." Plaintiff also filed a "motion for a peremptory writ of mandamus on the pleadings," and he has never sought to amend this complaint.

Plaintiff also requested monetary damages in his prayer or demand for relief. Nevertheless, as noted, monetary damages can be an ancillary part of a claim for mandamus relief. *See* C.R.C.P. 106(a)(2); *Negron v. Gillespie*, *supra*, 111 P.3d at 557 (pro se inmate's request for punitive damages was part of his asserted claim for mandamus relief).

Moreover, the prayer or demand for relief is not considered to be a component of a plaintiff's claim. *See Township Homeowners Ass'n v. Arapahoe Roofing & Sheet Metal Co.*, 844 P.2d 1316, 1318 (Colo.App. 1992) (plaintiffs did not state an independent claim for attorney fees when sole reference in complaint to attorney fees was found in prayer for relief regarding other claims); *see*

*also DiChellis v. Peterson Chiropractic Clinic*, 630 P.2d 103, 105 (Colo.App.1981) (pro se letter construed as complaint stating claim for relief despite lack of express prayer or demand for judgment).

Notwithstanding plaintiff's request for monetary damages in his prayer or demand for relief, the substantive allegations in the body of his complaint do not provide any basis for construing it as stating a separate claim for monetary relief independent from his asserted claim for mandamus relief. Consequently, contrary to plaintiff's argument, we perceive no basis on the record before us for construing his complaint as anything other than a mandamus action. *See Negron v. Gillespie*, *supra*, 111 P.3d at 557; *Township Homeowners Ass'n v. Arapahoe Roofing & Sheet Metal Co.*, *supra*, 844 P.2d at 1318; *see also Negron v. Golder*, 111 P.3d 538, 541 (Colo.App.2004)(rejecting inmate's argument that he should be held to a lower standard as a pro se litigant than a party represented by counsel).

Finally, we also note that plaintiff has not indicated on appeal any specific alternative way to construe his district court pleadings, and he has not specifically identified any other claim for relief allegedly stated. *See Negron v. Golder*, *supra*, 111 P.3d at 542 (declining to address certain claims by inmate, noting that appealing party bears the burden to provide supporting authority for contentions of error asserted on appeal).

## II.

We also conclude that the district court properly dismissed plaintiff's state court mandamus action against a federal official for lack of subject matter jurisdiction.

As noted by the district court, issues regarding subject matter jurisdiction may be raised at any time. *See* C.R.C.P. 12(h)(3); *Sanchez v. State*, 730 P.2d 328, 331 (Colo. 1986).

Although an evidentiary hearing normally should be conducted under C.R.C.P. 12(b)(1) when the jurisdictional facts are in dispute, the district court may determine the jurisdictional issue without an evidentiary hearing if it accepts all the plaintiff's assertions of fact as true. In such cases, the jurisdictional issue may be deter-

mined as a matter of law, and the appellate court reviews the district court's ruling de novo. *Daley v. Univ. of Colo. Health Scis. Ctr.*, 111 P.3d 554, 555 (Colo.App.2005).

Here, plaintiff, a federal prison inmate, has brought an action in state court seeking mandamus relief against a federal prison official. Like the district court, accepting the factual allegations of plaintiff's complaint as true, we conclude that the district court lacked subject matter jurisdiction in this action, because that court had no authority to grant the mandamus relief sought by plaintiff against this defendant. *See State ex rel. Tran v. Christian*, 108 Ohio App.3d 578, 671 N.E.2d 337 (1996)(state court lacks authority to grant inmate mandamus relief against federal officials); 17A Charles Alan Wright et al., *Federal Practice and Procedure* § 4213 (3d ed.2007) ("it has been clear since 1821 that a state court cannot issue a writ of mandamus against a federal officer," citing *McClung v. Silliman,* 19 U.S. (6 Wheat.) 598, 5 L.Ed. 340 (1821)); *see also Cozine v. Crabtree,* 15 F.Supp.2d 997, 1013 (D.Or.1998); *cf. Negron v. Gillespie, supra,* 111 P.3d at 557 (no jurisdictional bar to inmate's state court mandamus action against *state* prison officials).

Finally, as noted by the district court, plaintiff has not pointed out, and we are not aware of, any federal statute in which Congress has consented to suits in *state* courts for mandamus relief against federal officials, as requested here by plaintiff. *Cf. Simmat v. United States Bureau of Prisons,* 413 F.3d 1225, 1236 (10th Cir.2005)(under 28 U.S.C. § 1361, *federal* district courts have subject matter jurisdiction over mandamus actions by federal prisoners against federal prison officials seeking vindication of their constitutional rights).

Consequently, on the record before us, plaintiff's state court mandamus action against this federal official was properly dismissed for lack of subject matter jurisdiction.

The judgment of dismissal is affirmed.

Chief Judge DAVIDSON and Judge PLANK * concur.

