**Sherry M. TIMM, Plaintiff–Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, a/k/a Prudential Financial, a/k/a Prudential Disability Management Services, Defendant–Appellee.**

### No. 10CA0803.

Colorado Court of Appeals,
Div. II.

May 26, 2011.

Dennis P. Walker, Denver, Colorado, for Plaintiff–Appellant.

Gordon & Rees LLP, Franz Hardy, Lance J. Ream, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

The primary issue in this insurance dispute is whether certain provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. (2006), preempt the statutory insurance bad faith claim asserted under section 10–3–1116(1), C.R.S.2010, by plaintiff, Sherry M. Timm, against defendant, Prudential Insurance Company of America. We conclude that ERISA preempts this claim under principles of conflict preemption. We also conclude that the trial court erred by dismissing, under C.R.C.P. 12(b)(5), Timm's claim for benefits under ERISA on the bases of claim preclusion, exclusive federal jurisdiction, and lack of ripeness. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background

The following facts are taken from Timm's complaint, which we must accept as true. *See Lobato v. State*, 218 P.3d 358, 367 (Colo. 2009) (upon motion to dismiss under C.R.C.P. 12(b)(5), the reviewing court must accept all averments of material fact as true).

Timm's employer established a long term disability plan for its employees and purchased a group long term disability insurance policy from Prudential to provide insurance coverage therefor. Prudential is also the administrator of the plan.

In 2002, Timm claimed to be disabled, ceased working, and sought benefits under the plan. Prudential denied her claim because it determined that she was not disabled.

After exhausting her administrative remedies, Timm filed a civil action in the United States District Court for the District of Colorado (the federal court), seeking, as relevant here, benefits due to her under the plan. In September 2007, the federal court entered a declaratory judgment vacating Prudential's decision and declaring Timm disabled. The federal court remanded the case to Pruden-

tial for a determination of benefits due under the plan. The court stated that, because the action before it only sought review of decisions by Prudential that had already been made, it "decline[d] to retain jurisdiction to assess the sufficiency of any determination by Prudential as to the amount or duration of benefits."

In June 2009, Timm filed the complaint at issue here in Denver District Court (the trial court), claiming benefits due under the plan and seeking damages for insurance bad faith under section 10–3–1116(1). She alleged that Prudential had taken no action on her claim for benefits since the federal court entered its declaratory judgment in 2007. Specifically, she stated:

> [Timm] reasonably sought the payment of benefits from Prudential following the judgment in the federal litigation. Prudential has not acted and has not followed the court's judgment. Prudential has refused or failed to address the amount and duration of benefits, despite the judgment. Prudential has made a postjudgment administrative appeal impossible because Prudential has taken no action in determining the amount and duration of [long term disability] benefits as required by the judgment.

Prudential moved to dismiss the action pursuant to C.R.C.P. 12(b)(5), contending that Timm's complaint failed to state a claim for which relief can be granted because the bad faith claim was preempted by ERISA and (1) the claim for benefits was barred by the doctrine of claim preclusion as a result of the federal court's judgment; (2) the claim for benefits was barred because the federal court retained jurisdiction over the case; or (3) the claim for benefits was not ripe because Timm had failed to exhaust her administrative remedies before commencing this action. The trial court agreed and dismissed the complaint. This appeal followed.

## II. Preemption of Bad Faith Claim

Timm contends that the trial court erred by determining that her claim for bad faith under section 10–3–1116(1) is preempted by ERISA. We disagree.

## A. Standard of Review

A motion to dismiss pursuant to C.R.C.P. 12(b)(5) tests the sufficiency of the complaint. *Lobato,* 218 P.3d at 367. A reviewing court must accept all averments of material fact as true and view the allegations in the light most favorable to the plaintiff. *Id.* The court cannot grant a motion to dismiss for failure to state a claim unless it appears beyond doubt that no set of facts can prove that the plaintiff is entitled to relief. *Id.*

Federal preemption is a question of law that we review de novo. *Griffin v. Capital Securities of America, Inc.,* —— P.3d ——, ——, 2010 WL 4361378 (Colo.App.2010) (*cert. granted* Mar. 14, 2011); *Kohn v. Burlington Northern & Santa Fe R.R.,* 77 P.3d 809, 811 (Colo.App.2003).

## B. Law

Section 10–3–1116(1) provides that a "first-party claimant ... whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." A "first party claimant" includes an individual asserting an entitlement to benefits owed directly to an insured under an insurance policy. § 10–3–1115(1)(b)(I), C.R.S.2010.

ERISA contains an express preemption provision, providing that it supersedes state laws that "relate to" any employee benefit plan covered by its terms. 29 U.S.C. § 1144(a) (2006). The same section, however, includes a provision commonly called the savings clause, which provides that ERISA does not preempt any state law that "regulates insurance." 29 U.S.C. § 1144(b)(2)(A) (2006). A law regulates insurance and is therefore saved from express preemption if it (1) is specifically directed toward entities engaged in insurance, and (2) substantially affects the risk pooling arrangement between the insurer and the insured. *Ky. Ass'n of Health Plans, Inc. v. Miller,* 538 U.S. 329, 342, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003).

■ A state law claim for relief is also preempted if it "duplicates, supplements, or supplants" ERISA's civil enforcement remedies, because such a law conflicts with congressional intent to make ERISA's enforcement mechanism exclusive. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 51–54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Commonly referred to as conflict preemption, this rule applies even if a law regulates insurance under ERISA's savings clause. *Aetna Health*, 542 U.S. at 217–18, 124 S.Ct. 2488.

A plan participant or beneficiary may bring a civil action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (2006). Remedies can include an injunction or other equitable relief and attorney fees and costs. 29 U.S.C. § 1132(a)(3), (g) (2006). Also, a participant may bring an action for breach of fiduciary duty and may seek removal of the fiduciary as a remedy for such a breach. 29 U.S.C. §§ 1109(a), 1132(a)(2) (2006).

## C. Application

### 1. Conflict Preemption

Timm contends that section 10–3–1116(1) does not conflict with ERISA's remedial scheme because it furthers a primary purpose of ERISA: to ensure that plan participants receive the benefits to which they are entitled. We disagree.

■ As indicated, ERISA already provides a remedy for the unreasonable withholding of benefits. But ERISA does not provide for consequential or punitive damages. *Kidneigh v. UNUM Life Ins. Co.*, 345 F.3d 1182, 1185 (10th Cir.2003); *see Pilot Life*, 481 U.S. at 53–54, 107 S.Ct. 1549.

■ Congress intended these remedies to be exclusive. *Aetna Health*, 542 U.S. at 216, 124 S.Ct. 2488; *Pilot Life*, 481 U.S. at 54, 107 S.Ct. 1549. Therefore, any additional remedies provided by state law conflict with the comprehensive remedial scheme adopted by Congress. *Pilot Life*, 481 U.S. at 54, 107

S.Ct. 1549. Because section 10–3–1116(1) allows a double recovery of benefits, it supplements and conflicts with ERISA's remedies and is therefore preempted. *See Pilot Life*, 481 U.S. at 57, 107 S.Ct. 1549 (holding that Mississippi common law bad faith claims were preempted by ERISA in part because they conflicted with ERISA's exclusive remedial scheme); *Barber v. UNUM Life Ins. Co.*, 383 F.3d 134, 141 (3d Cir.2004) (holding that a Pennsylvania bad faith statute was preempted by ERISA because its punitive damages remedy supplemented ERISA's exclusive remedial scheme); *Kidneigh*, 345 F.3d at 1185 (holding that Colorado common law bad faith claims were preempted by ERISA because they conflicted with ERISA's remedial scheme by providing an additional claim to plaintiffs); *Conover v. Aetna U.S. Health Care, Inc.*, 320 F.3d 1076, 1080 (10th Cir.2003) (holding that Oklahoma bad faith claims conflicted with ERISA's remedial scheme).

We are not persuaded by Timm's arguments that *Kidneigh* is distinguishable because it dealt with a common law claim for bad faith, not a statutory one; that the case predates the adoption of section 10–3–1116; or that section 10–3–1116(7), C.R.S.2010, declares that section 10–3–1116(1) is a law regulating insurance. None of these arguments overcomes the conflict preemption analysis. *See Aetna Health*, 542 U.S. at 217–18, 124 S.Ct. 2488 (conflict preemption rule applies even if a law regulates insurance under ERISA's savings clause); *Barber*, 383 F.3d at 141 (Pennsylvania bad faith statute preempted); *Kidneigh*, 345 F.3d at 1187 (bad faith claims, whether common law or statutory, provide an additional remedy and thus are preempted).

*McClenahan v. Metropolitan Life Insurance Co.*, 621 F.Supp.2d 1135 (D.Colo.2009), *aff'd*, (10th Cir. No. 10–1101, Mar. 21, 2011) (unpublished order and judgment), and *Kohut v. Hartford Life & Accident Insurance Co.*, 710 F.Supp.2d 1139 (D.Colo.2008), upon which Timm relies, do not compel a different result.

In *McClenahan*, the court concluded that section 10–3–1116(2), C.R.S.2010, which pro-

hibits an insurance policy from purporting to reserve discretion to the insurer, plan administrator, or claim administrator to interpret the terms of the policy, contract, or plan, or to determine eligibility for benefits, is not directly preempted by ERISA. The court held that this provision falls within the ERISA savings clause because it is specifically directed toward entities engaged in insurance and substantially affects the risk pooling arrangement between the insurer and the insured. *McClenahan,* 621 F.Supp.2d at 1140–41. Addressing a claim of conflict preemption for this particular provision, the court also concluded that section 10–3–1116(2) does not conflict with any relevant provisions of ERISA because it does not change the way federal courts review benefits claims under ERISA and does not conflict with ERISA's remedial scheme.

Here, in contrast, we are not addressing the appropriate standard that a court employs in reviewing benefits claims under ERISA. Nor are we dealing with a provision that covers interpretations of an insurance policy, like section 10–3–1116(2). Instead, we deal with section 10–3–1116(1), which specifically creates a remedy greater than the remedies allowed under ERISA. Accordingly, *McClenahan* is inapposite.

In *Kohut,* the court held that section 10–3–1116(2) and (3) "regulate insurance," and thus are saved from preemption under the savings clause, 29 U.S.C. § 1144(b)(2)(A). However, no argument was presented in that case that conflict preemption principles nevertheless applied. Moreover, as in *McClenahan,* the court did not address section 10–3–1116(1). Accordingly, *Kohut* is likewise inapposite.

### 2. Express Preemption

Having concluded that conflict preemption principles apply to preempt section 10–3–1116(1), we need not address Timm's contention that section 10–3–1116(1) is saved from express preemption because it is a law that regulates insurance under ERISA. *See* § 10–3–1116(7) ("[t]he general assembly declares that this section is a law regulating insurance"). Even if section 10–3–1116(1) falls within ERISA's savings clause, it is still

preempted by ERISA because it conflicts with ERISA's remedial scheme. *See Aetna Health,* 542 U.S. at 217–18, 124 S.Ct. 2488 ("Under ordinary principles of conflict pre[ ]emption, then, even a state law that can arguably be characterized as 'regulating insurance' will be pre[ ]empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme."); *Cleghorn v. Blue Shield,* 408 F.3d 1222, 1225 (9th Cir.2005) (concluding that a statute can be preempted as conflicting with ERISA's remedial scheme even if it is not preempted by the express preemption provision); *Barber,* 383 F.3d at 141 (determining that conflict preemption forecloses a state law claim for bad faith even if the law regulates insurance under the savings clause); *Kidneigh,* 345 F.3d at 1190 (Henry, J., concurring) (noting that if conflict preemption forecloses a state law claim, the court need not address express preemption).

Therefore, because ERISA preempts section 10–3–1116(1), the trial court did not err in dismissing Timm's statutory bad faith claim.

### III. Claim Preclusion

Timm contends that the trial court erred by dismissing her ERISA claim for benefits under principles of claim preclusion. We agree in part.

### A. Standard of Review

We review de novo a trial court's dismissal upon grounds of claim preclusion. *See Camus v. State Farm Mut. Auto. Ins. Co.,* 151 P.3d 678, 680 (Colo.App.2006) (citing *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.,* 109 P.3d 604, 608 (Colo.2005)).

### B. Law

Claim preclusion operates to preclude relitigation of matters that have already been decided in a prior proceeding, as well as matters that could have been raised in a prior proceeding, but were not. *Camus,* 151 P.3d at 680. A claim in a second proceeding is precluded if there exists (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief,

and (4) identity or privity between parties to the actions. *Id.*

## C. Application

■ Here, Prudential seeks to preclude only claims that would or could be based on its conduct in the administrative process up to the date the federal court issued its declaratory judgment. Claim preclusion would prevent Timm from doing so. Accordingly, we affirm the trial court's determination to that limited extent. However, we do not read her ERISA claim as based on conduct occurring before the federal court's declaratory judgment.

Prudential does not seek to preclude Timm from pursuing the benefits she asserts are due her under ERISA. However, the trial court's much broader order would preclude claims for those benefits. It states:

> Accordingly, to the extent Plaintiff seeks relief for any conduct previously litigated in the federal suit; enforcement of the federal court order; noncompliance with the federal court order post judgment; or lack of satisfaction with Defendant's determination of the amount and duration of the benefit, such claims are barred by the doctrine of *res judicata*. Further, whether or not the September order [of the federal court] is final or interlocutory, all of Plaintiff's recent claims are inextricably tangled with the federal district court case and remain under the jurisdiction of that court.

This statement does not reflect either the fact that Timm sought only declaratory relief in her federal court complaint, or the federal court's express refusal to retain jurisdiction and award her benefits, despite Timm's request that it do so after the declaratory judgment was entered. Contrary to the trial court's determination, we conclude that Timm may seek enforcement of the federal court's order, subject to preemption principles, for noncompliance with the federal court judgment. *See* C.R.C.P. 57(h) (subsequent to declaratory judgment, further relief may be granted where necessary or proper); *Eason v. Bd. of County Comm'rs,* 961 P.2d 537, 539 (Colo.App.1997) (a declaratory judgment does not constitute an absolute bar to subsequent proceedings in which the parties are seeking other remedies or further relief, even though based upon claims that could have been asserted in the original action).

■ Further, we disagree that Timm's ERISA claims "remain under the jurisdiction" of the federal court. As Prudential acknowledged at oral argument, ERISA provides for concurrent jurisdiction of both state and federal courts to adjudicate and enforce ERISA claims. *See* 29 U.S.C. § 1132(e)(1) (2006) (ERISA provides for concurrent state and federal jurisdiction over claims brought pursuant to section 1132(a)(1)(B)). Accordingly, to the extent the trial court held that Timm may bring her ERISA claim only in federal court, it erred.

On remand, if Prudential shows that it has determined the amount or duration of her benefit, Timm may also challenge Prudential's determination. *See* 29 U.S.C. § 1132(a)(1)(B) (recovery of benefits due); 29 U.S.C. § 1132(a)(3) (remedies can include an injunction or other equitable relief); 29 U.S.C. § 1132(g) (a participant may request attorney fees and costs); 29 U.S.C. §§ 1109, 1132(a)(2) (a participant may bring an action for breach of fiduciary duty and may seek removal of the fiduciary as a remedy for such a breach).

## IV. Ripeness

Timm also contends that the trial court erred by dismissing her claim for lack of ripeness. We agree.

### A. Standard of Review

■ On appeal of a determination of ripeness, we review the trial court's factual findings for clear error and its legal conclusions de novo. *DiCocco v. Nat'l Gen. Ins. Co.,* 140 P.3d 314, 316 (Colo.App.2006). Because Prudential moved to dismiss only under C.R.C.P. 12(b)(5), and not under C.R.C.P. 12(b)(1) (lack of subject matter jurisdiction), the trial court was required to accept the allegations of the complaint as true. *Cf. Hansen v. Long,* 166 P.3d 248, 250 (Colo.App.2007) (trial court may determine a jurisdictional issue without an evidentiary hearing if it accepts all of plaintiff's assertions of fact as true). Moreover, although ripeness presents an is-

sue of subject matter jurisdiction, *see DiCocco,* 140 P.3d at 316, and issues regarding subject matter jurisdiction may be raised at any time, *see* C.R.C.P. 12(h)(3), we nevertheless conclude that we must also accept Timm's allegations as true, *Hansen,* 166 P.3d at 250, and we may not consider any facts outside those alleged in the complaint. *Pub. Serv. Co. v. Van Wyk,* 27 P.3d 377, 385 (Colo.2001).

Accordingly, the facts here are not in dispute and we review de novo the trial court's legal conclusion. *See Colucci v. Town of Vail,* 232 P.3d 218, 219–20 (Colo.App.2009).

### B. Law

■ An issue is ripe if it is "real, immediate, and fit for adjudication." *DiCocco,* 140 P.3d at 316 (quoting *Bd. of Directors v. Nat'l Union Fire Ins. Co.,* 105 P.3d 653, 656 (Colo. 2005)).

■ An ERISA cause of action generally accrues when a plan administrator denies a claim for benefits. *Held v. Mfrs. Hanover Leasing Corp.,* 912 F.2d 1197, 1205 (10th Cir.1990). A participant must therefore generally exhaust administrative remedies before seeking judicial relief. *Id.* at 1206. In addition, a court's review of a claim under ERISA is limited to the administrative record developed through the administrative process. *Jewell v. Life Ins. Co.,* 508 F.3d 1303, 1308 (10th Cir.2007).

■ A plan participant is excused from exhausting administrative remedies, however, where resort to administrative remedies would be "clearly useless." *McGraw v. Prudential Ins. Co.,* 137 F.3d 1253, 1264 (10th Cir.1998).

### C. Application

■ Here, the complaint, which we must accept as true, states that Timm "reasonably sought the payment of benefits" from Prudential after the federal court's decision and, for over twenty-one months, Prudential refused to decide the matter. Because of the delay by Prudential, Timm asserts it would have been clearly useless for her either to have waited longer for a decision in the first instance from Prudential, or to have appealed through administrative channels to the appeals board of Prudential. *See McGraw,* 137 F.3d at 1264 (exhaustion was clearly useless where review of claims was significantly and repeatedly delayed). Timm's claim is therefore ripe for judicial review.

■ Prudential nevertheless contends that we should not address the issue of futility because Timm did not properly raise it in the trial court. But the complaint adequately raises the issue. Not only does the complaint describe the delay as discussed above, but it also asserts that "Prudential ha[d] made a postjudgment administrative appeal impossible" because it had refused to decide the matter in the first instance. Moreover, in Timm's response to Prudential's motion to dismiss, she argues that exhaustion should be excused as a result of Prudential's delay. These contentions properly preserved her argument for appellate review.

Finally, Prudential contends that even if Timm's claim for benefits due until the time of the federal court order is ripe, her claim for "ongoing" benefits after that time is not ripe, because the complaint establishes that Prudential had not yet made a determination of these ongoing benefits. But the complaint also avers that Timm "reasonably sought" the payment of all benefits due to her under the terms of the plan. Timm therefore sufficiently alleged, as to all benefits subject to her claim under ERISA, that exhaustion is excused. If Prudential has evidence that it has not delayed a decision on all or a part of the benefits that Timm claims, it may bring forth such evidence at an appropriate stage of the proceedings after remand, including, but not limited to, filing a motion under C.R.C.P. 12(b)(1). The complaint by itself, however, sufficiently establishes ripeness and therefore the trial court erred by dismissing Timm's claim on that basis.

### V. Other Substantive Contentions

In light of our determination, we need not address Timm's assertion that the trial court's order deprives her of her rights under the Colorado Constitution, or her claim that the trial court relied on matters outside

the pleadings in considering Prudential's C.R.C.P. 12(b)(5) motion.

## VI. Attorney Fees

Timm requests us to award attorney fees to her under ERISA. We conclude that, although Timm has had some degree of success on the merits of her appeal, a determination on attorney fees should await conclusion of the action. At that time, the trial court may consider Timm's partial success on appeal together with other factors set forth below and decide whether Timm should receive an award.

### A. Law

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (2006).

■■■ "A fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.,* —— U.S. ——, ——, 130 S.Ct. 2149, 2158, 176 L.Ed.2d 998 (2010) (quoting *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983)). The requirement is not satisfied where a claimant achieves trivial success on the merits or a purely procedural victory. However, the requirement is met when "the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt,* —— U.S. at ——, 130 S.Ct. at 2158 (quoting *Ruckelshaus,* 463 U.S. at 688 n. 9, 103 S.Ct. 3274).

■■■ Once the claimant has shown some success, a court may consider other factors when exercising its discretion. *See Hardt,* —— U.S. at ——, 130 S.Ct. at 2158, n. 8; *Simonia v. Glendale Nissan/Infiniti Disability Plan,* 608 F.3d 1118, 1121 (9th Cir.2010) (assuming without deciding that claimant had shown some success under *Hardt,* court employed a five-factor test to determine whether district court abused its discretion in denying fees).

■■■ Courts generally weigh five factors when making a determination of attorney fees under ERISA: (1) a party's culpability or bad faith; (2) its ability to satisfy an award of fees; (3) whether the award will deter others acting in similar circumstances; (4) the number of plan participants affected by the case or the significance of the legal question involved; and (5) the relative merits of the parties' positions. *Graham v. Hartford Life & Accident Ins. Co.,* 501 F.3d 1153, 1162 (10th Cir.2007); *see also Sokol v. Bernstein,* 812 F.2d 559, 560 (9th Cir.1987) (interpreting § 1132(g)(1) to allow reasonable attorney fees on appeal and applying the five factors on appeal of an ERISA case).

### B. Application

■■■ Here, because we have reversed the dismissal of Timm's claim for benefits under ERISA and have remanded with directions to allow her claim for benefits to proceed, we conclude that she has shown some success on the merits of her claim. *See Young v. Verizon's Bell Atl. Cash Balance Plan,* 748 F.Supp.2d 903, 910 (N.D.Ill.2010) (a remand alone by a trial court to the plan administrator is enough to satisfy the "some success" standard). Although our reversal and remand could be characterized as a procedural victory because it reinstates Timm's complaint and does not directly determine the benefits to which she is entitled, it is not "purely" such a victory because without our decision, she would be foreclosed from any further relief. Moreover, Timm has already established, in the federal court, that Prudential abused its discretion when it determined she was not disabled. Our remand now allows her to prove up the benefits she is entitled to receive under the plan, provided the trial court sustains either her claim of futility in exhaustion of administrative remedies or, if Prudential shows that it has determined her benefits, her challenge to that decision.

However, we conclude that the determination whether to award fees should await the conclusion of this action. *See Hardt,* —— U.S. at ——, 130 S.Ct. at 2158 (court should review the outcome of the litigation in determining whether to award attorney fees). At

that time, the trial court can best determine whether attorney fees are appropriate under the five-factor test set forth above.

That portion of the trial court's order dismissing the bad faith claim is affirmed. That portion of the order dismissing Timm's claim for benefits due under the plan is reversed, and the case is remanded for further proceedings consistent with the views set forth in this opinion.

Judge DAILEY and Judge WEBB concur.