25CA0622 Matter of Leoffler Trust 03-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0622
Kit Carson County District Court No. 24PR13
Honorable Stephanie M.G. Gagliano, Judge

In the Matter of Jerry Leoffler Trust.

Cortney Hancock,

Appellant,

v.

Shane Leoffler,

Appellee.

ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GROVE
Yun and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

Cortney Hancock, Pro Se

Coan, Payton & Payne, LLC, Scott H. Challinor, Denver, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and § 24-51-1105, C.R.S. 2025.

¶ 1     Petitioner, Cortney Hancock, appeals the district court's

dismissal of her petition for a writ of mandamus and her "Motion

for Removal of Trustee" filed against defendant, Shane Leoffler.  We

reverse and remand for further proceedings consistent with this

opinion.

¶ 2     At the heart of this appeal is Hancock's claim that she is Jerry

Leoffler's[1] daughter and, as such, is entitled to benefit from his

trust (the Trust).  If Hancock is Jerry's daughter, she is an

interested party in the Trust and has standing to pursue at least

some of her claims against Shane.  If not, at least some of her

claims must be dismissed for lack of standing.

¶ 3     Based only on Hancock's pleadings and Shane's motion to

dismiss, the district court dismissed Hancock's petition for a writ of

mandamus and her motion for removal of the trustee, apparently

finding as a factual matter that Hancock is not Jerry's daughter.

Because the allegations in the complaint must be accepted as true

---

[1] Jerry shares the same last name as Shane Leoffler, the
respondent-appellee in this proceeding.  As such, we refer to them
by their first names and mean no disrespect in doing so.

1

at this stage of the proceedings, we conclude that the dismissal was improper.

## I. Background

¶ 4    After Jerry's grandparents died, the Trust was created for Jerry.  Shane Leoffler became the trustee.  Under the terms of the Trust, if Jerry died before the final distribution, the remaining income would go to his living descendants, or if he had no living descendants, to descendants of Jerry's grandparents.

¶ 5    Jerry died in December 2022.  Before his death, he granted Hancock power of attorney authorizing her to do "everything necessary in [his] name and for [his] benefit which [he] could do if [he] were personally present and able."  Hancock and Jerry had discussed Jerry's assets and wishes concerning his estate; and while Jerry was still alive, Hancock attempted to contact Shane to access information about the Trust and to remove him as trustee.

¶ 6     After Jerry's death, his will was admitted to probate.  In his will, Jerry identified Hancock as one of his children[2] and named her as his personal representative.

¶ 7     Two years after Jerry's death, Hancock — acting pro se — filed several pleadings concerning the Trust.  First, she petitioned to compel Shane to provide annual reports, statements, and accountings related to the Trust; provide "all sections" of the Trust that affect her as Jerry's child; and distribute the Trust assets to her.  Second, she filed a motion to remove Shane as the trustee of the Trust.  Third, she filed a motion to inspect and copy documents related to the Trust.

¶ 8     Shane moved to dismiss Hancock's pleadings.  Hancock did not file a response, and the district court granted Shane's motion. Specifically, the court concluded that Hancock (1) was not an interested party as to the Trust; (2) lacked standing to bring an action against Shane; and (3) did not have standing to seek court intervention regarding the administration of the Trust or to view,

---

[2] Jerry's will lists "Courtney Irene Hancock" as one of his children, misspelling Hancock's first name as "Courtney."  There appears to be no dispute, however, that this is a reference to petitioner Cortney Hancock.

access, or receive any information regarding the Trust. Hancock now appeals the dismissal.

## II.    Analysis

¶ 9    In her opening brief on appeal, Hancock contends that (1) she has standing to seek relief as Jerry's daughter and via the power of attorney; (2) the district court demonstrated bias against her; and (3) the district court violated her due process rights. We conclude that Hancock's allegations about her parentage in her petition for writ of mandamus and her accompanying motion for removal of the trustee were sufficient to withstand a motion to dismiss, and on this ground, we reverse. For the reasons explained below, we do not reach Hancock's remaining appellate arguments.

## A. Standing

¶ 10    Hancock contends that as Jerry's daughter, she has standing to bring an action against Shane related to the Trust.[3]  We agree.[4]

### 1. Standard of Review and Applicable Law

¶ 11    For a court to have jurisdiction over a dispute, the plaintiff must have standing.  *Ainscough v. Owens*, 90 P.3d 851, 855 (Colo. 2004).  To establish standing, (1) a plaintiff must have suffered an injury in fact, and (2) the injury must have been to a legally protected interest.  *Id.*  If a plaintiff lacks standing, a court must dismiss the case.  *State Bd. for Cmty. Colls. & Occupational Educ. v. Olson*, 687 P.2d 429, 435 (Colo. 1984).  We review de novo whether a plaintiff has standing.  *Ainscough*, 90 P.3d at 856.

¶ 12    We apply the same pleading standards to mandamus actions as we do to complaints.  *Hansen v. Long*, 166 P.3d 248, 249 (Colo.

---

[3] Although Hancock's standing argument violates several requirements of C.A.R. 28, Hancock is self-represented, so we construe her arguments broadly, focusing on substance rather than form.  *See Jones v. Williams*, 2019 CO 61, ¶ 5.  We exercise our discretion to address Hancock's standing argument to the extent that we understand it.

[4] Because we conclude that Hancock has standing as Jerry's daughter, we do not reach her argument that she has standing as Jerry's power of attorney.

App. 2007). Therefore, when assessing whether she has standing, we accept as true Hancock's factual allegations in the petition for a writ of mandamus and the motion for removal of the trustee. *See Colo. Med. Soc'y v. Hickenlooper*, 2012 COA 121, ¶ 23 ("In determining whether standing has been established, all averments of material fact in a complaint must be accepted as true." (quoting *Olson*, 687 P.2d at 434)), *aff'd on other grounds*, 2015 CO 41.

## 2. Injury in Fact

¶ 13 Hancock alleged that she suffered an injury in fact. *See Ainscough*, 90 P.3d at 856. While a remote possibility or future speculation of harm does not constitute an injury in fact, Hancock averred she has suffered both tangible and intangible harms. Specifically, she contends Shane has denied her access to information related to the Trust and to assets in the Trust. She also alleges that Shane has violated her rights as an interested party in the Trust. As alleged in the complaint, these injuries have directly resulted from Shane's actions and are neither speculative nor incidental. Therefore, Hancock has alleged facts sufficient to satisfy the first criterion for standing.

### 3. Legally Protected Interest

¶ 14    Hancock also adequately alleged that she has "a legal interest protecting against the alleged injury." *Id.*

¶ 15    The Colorado Uniform Trust Code recognizes the right of any "interested person" to bring probate matters before the court. § 15-5-201(1), C.R.S. 2025; *see In re Estate of Little*, 2018 COA 169, ¶ 38.  An "interested person" is "a qualified beneficiary or other person having a property right in or claim against a trust estate, which right or claim may reasonably and materially be affected by a judicial proceeding." § 15-5-103(10), C.R.S. 2025.  An interested person "also includes fiduciaries and other persons having authority to act under the terms of the trust." *Id.*  A "beneficiary" is a person who either "[h]as a present or future beneficial interest in a trust, vested or contingent," or "holds a power of appointment over trust property" in a capacity other than as trustee. § 15-5-103(4)(a).

¶ 16    Jerry's living descendants — to the extent that he has any — are beneficiaries of the Trust and therefore interested persons.  In

her complaint, Hancock alleges that she is Jerry's daughter.[5] Shane disputed that allegation in his motion to dismiss, asserting "[u]pon information and belief" that Hancock is neither a "naturally born nor adopted child[] of Jerry." And on appeal, Shane asserts that the record includes only "conclusory, unsupported references" by Hancock that Jerry was her father. But the district court was required to accept as true the facts Hancock alleged in her complaint when deciding whether to dismiss the action. *See Hansen*, 166 P.3d at 249.

¶ 17    Moreover, we cannot assume that Hancock has confessed to not being Jerry's daughter simply because she failed to respond to the motion to dismiss. *Cf. Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 858 (Colo. App. 2007) ("We conclude that, like motions for summary judgment, motions to dismiss for failure to state a claim must be considered on their merits and cannot be deemed confessed by a failure to respond.").

---

[5] Although it has no bearing on our analysis, given that we must accept Hancock's well-pleaded facts as true, we note that Jerry's will also identifies Hancock as his daughter.

¶ 18    If, as she alleges in the complaint, Hancock is Jerry's living descendant, she is a beneficiary of the Trust.  That status would make her an interested party and thus establish that her petition for a writ of mandamus and motion to remove the trustee involve a legally protected interest.

¶ 19    Accordingly, because Hancock has alleged that she suffered an injury in fact to a legally protected interest, we must reverse.

## B.    Unpreserved Arguments

¶ 20    Turning to the remaining issues on appeal, we decline to consider Hancock's bias and due process arguments for three reasons.  First, Hancock raised these arguments for the first time after filing her notice of appeal, in a "Motion to[] Object to Order Dismissing Case and all Other Forms Denied."  Although the district court treated this filing as a motion to reconsider its order of dismissal, it no longer had jurisdiction to consider the motion after the notice of appeal was filed.  *See Musick v. Woznicki*, 136 P.3d 244, 246 (Colo. 2006) (filing a notice of appeal generally divests the district court of jurisdiction to take further substantive action related to the judgment on appeal).  Second, to the extent that Hancock requested a change of venue or judicial disqualification in

this motion, she failed to file supporting affidavits as required by C.R.C.P. 98 (change of venue) or C.R.C.P. 97 (judicial disqualification).  Third, Hancock's appellate briefing inadequately developed her bias and due process arguments, failing to comply with C.A.R. 28.  *See Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007) (appellate courts do not address underdeveloped arguments).

## C.    Attorney Fees

¶ 21    Shane contends that Hancock's appeal is frivolous, and as such, he is entitled to attorney fees and costs.  Given our disposition, we decline to award Shane attorney fees and costs.

## III.    Disposition

¶ 22    We reverse the district court's order of dismissal and remand the case for further proceedings consistent with this opinion.

JUDGE YUN and JUDGE TAUBMAN concur.